FILED

2010 Mar-26  PM 03:25
U.S. DISTRICT COURT
N.D. OF ALABAMA

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
### SOUTHERN DIVISION

| | | |
|---|---|---|
| **STEPHEN P. PRESTON,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | |
| | ) | |
| **PALISADES COLLECTION,** | ) | **CASE NO. _____** |
| **LLC, a corporation; EXPERIAN** | ) | |
| **INFORMATION SOLUTIONS,** | ) | |
| **INC.; a corporation,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## JOINT NOTICE OF REMOVAL

Pursuant to 28 U.S.C. § 1441, Defendants Experian Information Solutions, Inc. ("Experian") and Palisades Collection, LLC ("Palisades") hereby file their Joint Notice of Removal of the above-captioned action to this Court and state as follows:

1.      Experian and Palisades are named Defendants in Civil Action No. CV-2010-900125 filed in the Circuit Court of Shelby County, Alabama (the "State Court Action").

2.      The Complaint in the State Court Action was filed with the Clerk of the Circuit Court of Shelby County, Alabama, on February 10, 2010. Experian and Palisades were served with the Complaint on February 24, 2010. *See* Exh. A.

3.     This Notice is being filed with this Court within thirty (30) days after Defendants received a copy of Plaintiff's initial pleading setting forth the claims for relief upon which Plaintiff's action is based.

4.     A copy of all process, pleadings, and orders served upon the Defendants in the State Court Action is attached hereto as Exhibit A and a copy of the State Court Action file is attached hereto as Exhibit B.

5.     Experian is a corporation which, for monetary fees, regularly engages in whole or in part in the practice of assembling consumer credit information or other information on consumers for the purpose of furnishing consumer reports to third parties.  Experian uses means or facilities of interstate commerce for the purpose of preparing or furnishing consumer reports, and therefore is a "consumer reporting agency" within the meaning of 15 U.S.C. § 1681a(f).

6.     Plaintiff alleges that Palisades, a limited liability company, "regularly and in the course of business, furnishes information to one or more consumer reporting agencies about its transactions or experiences or experiences with any consumer and therefore constitutes a 'furnisher,' as codified at 15 U.S.C. § 1681s-2." *See* Complaint ¶ 67 (contained in Exh. A).  Additionally, Plaintiff alleges that Palisades is a "debt collector" as defined by the Fair Debt Collection Practices Act. *See* Complaint ¶ 20.

7.      The claims of relief alleged in the State Court Action against both

Defendants arise under the Fair Credit Reporting Act ("FCRA"), 15 U.S.C.

§§ 1681-1681u, and additional claims of relief alleged against Palisades arise

under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692-1692p.

*See* Complaint ¶¶ 62-73.  Thus, this court has original subject matter jurisdiction

over the above-captioned action pursuant to 28 U.S.C. § 1331 and 15 U.S.C.

§ 1681p and § 1692k.  The above-captioned action may properly be removed to

this United States District Court pursuant to 28 U.S.C. § 1441(a) and (b).

8.      Plaintiff also purports to assert claims for defamation; invasion of

privacy; and negligent, reckless, wanton, malicious and/or intentional conduct.

Complaint ¶¶ 74-89.  This Court has supplemental jurisdiction over Plaintiff's state

law claims.  Those claims, like Plaintiff's federal question claims, arise from the

same set of operative facts relating to the alleged wrongful conduct.  *See id.*

Accordingly, each of those claims is related to Plaintiff's federal question claims,

and form a part of the same case and controversy pursuant to 28 U.S.C. § 1367(a).

9.      At the present time and at the time of commencement of the State

Court Action, Plaintiff is and was an individual citizen of the State of Alabama.

*See* Complaint ¶ 1.

10.     At the present time and at the commencement of the State Court Action, Experian is and was a corporation incorporated under the laws of the State of Ohio with its principal place of business in California.[1] *See id.* ¶ 3.

11.     At the present time and at the commencement of the State Court Action, Palisades is and was a limited liability company formed under the laws of the State of Delaware with its principal place of business in New Jersey. *See id.* ¶ 2. The sole member of Palisades is and was Asta Funding, Inc., a corporation incorporated under the laws of the State of Delaware with its principal place of business in New Jersey.

12.     The amount in controversy in the State Court Action, including the punitive damages sought, exceeds the sum of $75,000.00, exclusive of interest and costs. Plaintiff makes a separate damages demand for each of cause of action alleged in the Complaint. For alleged violations of the FDCPA, Plaintiff "demands judgment against Defendant Palisades for statutory, actual, compensatory and/or punitive damages, and attorneys' fees in the amount of $50,000." *See id.* Unnumbered paragraph following ¶ 64. For wholly independent alleged violations of the FCRA, Plaintiff "demands judgment against all Defendants, jointly and severally, for statutory, actual, compensatory and/or punitive damages, and

---

[1] Experian's principal place of business is in Costa Mesa, California, rather than Orange, California, as alleged in the Complaint.

attorneys' fees in the amount of $50,000." *See id.* Unnumbered paragraph following ¶ 73. For alleged defamation and invasion of privacy claims, Plaintiff demands judgment against Defendant Palisades for compensatory and punitive damages in the amount of $50,000 for each claim. *See id.* Unnumbered paragraphs following ¶ 78 and ¶ 81. For the alleged negligent, reckless, wanton, malicious and/or intentional conduct claims, Plaintiff "demands judgment against all Defendants, jointly and severally, for statutory, actual, compensatory and/or punitive damages, and attorneys' fees in the amount of $50,000." *See id.* Unnumbered paragraph following ¶ 89.

13.    "The general rule is that the value of all claims by a single plaintiff against a single defendant can be added together in order to determine whether the requisite minimum amount for federal jurisdiction exists." *Pipes v. American Security Ins. Co.*, No. CV96-H-206-NE, 1996 WL 928197, at *1 (N.D. Ala. Feb. 29, 1996). In total, Plaintiff demands $250,000 from Palisades and $100,000 from Experian. The amount in controversy requirement is met.

14.    Accordingly, this court also has original subject matter jurisdiction over the above-captioned action pursuant to 28 U.S.C. § 1332, and, therefore, the above-captioned action may properly be removed to this Court pursuant to 28 U.S.C. §1441(a) and (b).

15.     All Defendants served with the Complaint in the State Court Action

consent to and join in this Joint Notice of Removal.

16.     Promptly after the filing of this Notice of Removal, Defendants shall

provide notice of the removal to Plaintiff through his attorney of record in the State

Court Action and to the Clerk of the Court in the State Court Action, as required by

28 U.S.C. § 1446(d).

Dated:        March 26, 2010                    Respectfully submitted,


                                                *John David Owen*

                                                W.H. Albritton IV (ALB007)
                                                John David Owen (OWE029)
                                                BRADLEY ARANT BOULT
                                                CUMMINGS LLP
                                                One Federal Place
                                                1819 Fifth Avenue North
                                                Birmingham, Alabama  35203-2104
                                                halbritton@babc.com
                                                jowen@babc.com
                                                Telephone:  (205) 521-8000
                                                Facsimile:  (205) 521-8800

                                                *Attorneys for Defendant*
                                                *Palisades Collection, LLC*

L. Jackson Young, Jr. (ASB-7946-G65L)
FERGUSON FROST & DODSON, LLP
2500 Acton Road, Suite 200
Birmingham, Alabama 35243
ljy@ffdlaw.com
Telephone: (205) 380-6984
Facsimile: (205) 879-8831
*Attorney for Defendant Experian Information
Solutions, Inc.*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 26th day of March, 2010, I caused the foregoing to be served by first-class U.S. Mail, postage prepaid, on the service list as follows:

*John David Owen*

John David Owen

## SERVICE LIST

Wesley L. Phillips
PHILLIPS LAW GROUP, LLC
P.O. Box 130488
Birmingham, Alabama 35213
Telephone: (205) 383-3585
Facsimile: (800) 536-0385

*Attorneys for Plaintiff*

# EXHIBIT A

| State of Alabama<br>Unified Judicial System<br>Form C-34  Rev 6/88 | **SUMMONS**<br>- CIVIL - | **Case Number:**<br>58-CV-2010-900125.00 |
|---|---|---|

**IN THE CIVIL COURT OF SHELBY, ALABAMA**
**STEPHEN P PRESTON v. PALISADES COLLECTION, LLC ET AL**

**NOTICE TO**   PALISADES COLLECTION, LLC, 2000 INTERSTATE PARK DR SUITE 204, MONTGOMERY, AL 36109

THE COMPLAINT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS. YOU OR YOUR ATTORNEY ARE REQUIRED TO FILE THE ORIGINAL OF YOUR WRITTEN ANSWER, EITHER ADMITTING OR DENYING EACH ALLEGATION IN THE COMPLAINT WITH THE CLERK OF THIS COURT. A COPY OF YOUR ANSWER MUST BE MAILED OR HAND DELIVERED BY YOU OR YOUR ATTORNEY TO THE OPPOSING PARTY'S ATTORNEY WESLEY L PHILLIPS

WHOSE ADDRESS IS 15 Office Park Circle, Suite 206, Birmingham, AL 35223

THE ANSWER MUST BE MAILED WITHIN 30 DAYS AFTER THIS SUMMONS AND COMPLAINT WERE DELIVERED TO YOU OR A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT.
TO ANY SHERIFF OR ANY PERSONNEL AUTHORIZED by the Alabama Rules of the Civil Procedure:

☐ You are hereby commanded to serve this summons and a copy of the complaint in this action upon the defendant

☑ Service by certified mail of this summons is initiated upon the written request of    STEPHEN P PRESTON
pursuant to the Alabama Rules of the Civil Procedure

| 2/19/10<br>2/10/2010 5:39:32 PM | /s MARY HARRIS | |
|---|---|---|
| Date | Clerk/Register | By |

| ☑ Certified mail is hereby requested | /s WESLEY L PHILLIPS | 664-3760 |
|---|---|---|
| | Plaintiff's/Attorney's Signature | MARY H. HARRIS<br>CIRCUIT CLERK, SHELBY COUNTY |

RETURN ON SERVICE:

P.O. BOX 1810
COLUMBIANA, AL 35051

☐ Return receipt of certified mail received in this office on _____

☐ I certify that I personally delivered a copy of the Summons and Complaint to _____

_____ in _____ County, Alabama on _____

_____
Date

_____
Server's Signature

**58-CV-2010-900125.00**
STEPHEN P PRESTON v. PALISADES COLLECTION, LLC ET AL

| C001 - STEPHEN P PRESTON | v.   D001 - PALISADES COLLECTION, LLC |
|---|---|
| Plaintiff | Defendant |

58-CV-2010-900125.00  D001

**SERVICE RETURN COPY**

**EXHIBIT A**

MARY H. HARRIS
CIRCUIT CLERK, SHELBY COUNTY
P.O. BOX 1810
COLUMBIANA, AL. 35051



ELECTRONICALLY FILED
2/10/2010 5:39 PM
CV-2010-900125.00
CIRCUIT COURT OF
SHELBY COUNTY, ALABAMA
MARY HARRIS, CLERK

### IN THE CIRCUIT COURT OF SHELBY COUNTY, ALABAMA

STEPHEN P. PRESTON,                          )
                                             )
    Plaintiff,                               )
                                             )
                                             )
vs.                                          )        Case No.: CV-10-900125
                                             )
PALISADES COLLECTION, LLC,                   )
a corporation;                               )
EXPERIAN INFORMATION SOLUTIONS,              )
INC., a corporation; and                     )
                                             )
    Defendants.                              )

### COMPLAINT

COMES NOW Plaintiff, by and through counsel, in the above styled cause, and for

Plaintiff's Complaint against the Defendants states as follows:

### PARTIES

1.      Plaintiff Stephen P. Preston is a resident of Shelby County, over 19 years of age, and

is competent to bring this action.

2.      Defendant Palisades Collection, LLC (hereinafter "Palisades") is registered in

Delaware with its principal place of business located in Englewood Cliffs, New Jersey and was doing

business in Shelby County, Alabama at all times material to this Complaint.

3.      Defendant Experian Information Solutions, Inc. (hereinafter "Experian") is an

Ohio corporation with its principal place of business located in Orange, California and was doing

business in Shelby County, Alabama at all times material to this Complaint.

### FACTUAL ALLEGATIONS

4.      In March, 2009, Defendant Palisades sued Plaintiff in the District Court of Shelby

County, Alabama, with a case number of DV-2009-244.

5.      Plaintiff answered lawsuit numbered DV-2009-244 filed by Defendant Palisades on April 29, 2009.

6.      In this suit, Defendant Palisades asserted it was the owner of a certain debt it that was allegedly owed by Plaintiff in the amount of $4,152.76.

7.      Defendant Palisades asserted it was owed the amount of $4,152.76 based on the theories of contract, open account, and account stated for its recovery against Plaintiff.

8.      In various correspondence Defendant Palisades claimed Plaintiff owed it $4,152.76.

9.      Plaintiff denied and disputed the debt.

10.     After being sued, Plaintiff timely filed an Answer denying the allegations claimed by Defendant Palisades.

11.     Counsel for Defendant Palisades requested a continuance of the July 6, 2009 trial date due to a conflict with other trials on that date.

12.     The District Court set the case for trial on August 24, 2009.  Notice was sent to Defendant Palisades and Plaintiff.

13.     On August 24, 2009, the Honorable John H. Alsbrooks, District Judge for Shelby County, entered an Order finding for Plaintiff and against Defendant Palisades in case number DV-2009-244.

14.     The verdict entered in favor of Plaintiff Stephen Preston and against Defendant Palisades by the District Court was a final adjudication on the merits, to which Defendant Palisades did not appeal within the time allowed, thus, making the judgment a final judgment from which an appeal no longer lies.

15.     Defendant Palisades is not the owner of this alleged debt.

16.     Defendant Palisades reported to the credit reporting agencies that Plaintiff owed this money and was in default.

17.     Plaintiff did not owe this money to Defendant Palisades.

18.     The debt being collected is a "consumer debt" as defined by the FDCPA.

19.     Plaintiff is a "consumer" as defined by the FDCPA and FCRA.

20.     Defendant Palisades is a "debt collector" as defined by the FDCPA.

21.     After the dismissal with prejudice by the District Court, Plaintiff sent a letter to Defendant Experian requesting an investigation of the account that still appeared on Plaintiff's credit reports with regard to Palisades and this account number.

22.     Plaintiff requested the accounts be deleted, as Plaintiff did not owe said account.

23.     Plaintiff requested Defendants Experian to contact Defendant Palisades's attorney or the District Court to verify that Plaintiff had indeed won the lawsuit in order to determine that this account should be immediately deleted from his credit reports.

24.     No Defendant was concerned or cared about what the District Court did in the case as no Defendant had any intention of performing a reasonable investigation.

25.     In fact, no Defendant performed any type of reasonable investigation and/or re-investigation.

26.     Defendant Experian notified Defendant Palisades in accordance with the FCRA of the dispute by the Plaintiff.

27.     Alternatively, Defendant Experian did not properly notify Defendant Palisades and, as a part of this failure, did not include all relevant information provided by Plaintiff in its notification of Defendant Palisades.

28.     This includes notification that Plaintiff won the lawsuit in the District Court.

29. All Defendants failed to properly investigate and/or re-investigate these disputes, and if Defendants had properly investigated, the accounts would have been deleted.

30. On October 28, 2009, Defendant Experian issued an improper report stating the results of its investigation and re-investigation, Report number 1987555323.

31. Report number 1987555323 shown only the Defendant Palisades account with account number "PALICHSARB1828...." as "Updated."

32. Further, Report number 1987555323 states the consumer is to "review this report to learn its outcome."

33. In the one page report containing only the Palisades trade line, Defendant Experian improperly, unreasonably, and inaccurately verified the Palisades account showing a balance of $4,152 as of October, 2009.

34. The report of Defendant Experian to Plaintiff and the failure to properly and/or reasonably investigate and re-investigate by Defendant Experian following the entering of judgment against Defendant Palisades in the District Court case it brought against Plaintiff shows that all Defendants failed and willfully refused to conduct an adequate and reasonable investigation and/or re-investigation into Plaintiff's dispute.

35. All Defendants were provided with more than sufficient information in the dispute and in their own internal sources of information (which includes the knowledge of Defendant Palisades through its District Court trial counsel that Plaintiff won the case at trial) to conduct an investigation and to conclude that the account complained of was being reported incorrectly.

36. Defendant Experian has proclaimed in the past it was obligated to rely upon whatever the public records state about a consumer.

37. For example, had Plaintiff not answered the District Court suit and a default

judgment had been entered, and Plaintiff disputed with the Consumer Reporting Agencies, Experian would have taken the position that they were bound by the state court judgment which says Plaintiff owes the money.

38.     Defendant Experian, however, refused to rely upon what the District Court judge actually rendered in this case, particularly, that Plaintiff Stephen Preston prevailed at trial on the merits.

39.     The verdict for Plaintiff means the Plaintiff does not owe the money claimed by Defendant Palisades; and the District Court's ruling was a final judgment.

40.     The dismissal with prejudice was not appealed to the Shelby County Circuit Court, and there is no avenue for appeal for Defendant Palisades of this judgment as the time to appeal has long since passed.

41.     Despite this knowledge, Defendant Experian has completely abdicated their obligations under federal and state law and have instead chosen to merely "parrot" whatever their customer, Defendant Palisades, has told them to say.

42.     Defendant and Experian has a policy to favor the paying customer, in this situation Defendant Palisades, rather than what the consumer or even a court says about a debt.

43.     The primary reason for this wrongful policy is that furnishers in general, and debt collectors specifically, provide enormous financial rewards to these Defendants.

44.     The importance of keeping balances on credit reports is that all the Defendants understand that one of the most powerful methods furnishers (and debt collectors) have to wrench payment from a consumer is by placing accounts with balances on the consumer's credit reports.

45.     Defendant Palisades has a policy and procedure to refuse to update credit reports of consumers, like Plaintiff, who do not owe the alleged debt. This practice and procedure keeps false

information on the credit report. The false information consists of a balance shown as owed when Defendant Palisades knows no balance is owed.

46.     Defendant Palisades promises through its subscriber agreements or contracts to accurately update accounts but Defendant Palisades has willfully, maliciously, recklessly, wantonly, and/or negligently failed to follow this requirement as well as the requirements set forth under the FCRA, FDCPA, and state law, which has resulted in the intended consequences of this information remaining on Plaintiff's credit reports.

47.     Defendant Palisades had a duty, and has a duty it assumed through the subscriber agreement and other actions, to accurately report the balances, and this duty was breached in a negligent, wanton, reckless, willful, intentional, and/or malicious manner.

48.     Defendant Palisades has a policy and/or practice to "park" its accounts on at least one of the consumer's credit reports. In the credit reporting industry, the term "park" means to keep a false balance (or false account) on the credit report so that the consumer will be forced to pay off the balance in order to obtain a refinancing or to qualify for a loan or to increase the consumer's credit score from the artificially lowered score which directly resulted from the Defendants' intentional and malicious conduct.

49.     In parking or allowing the parking of an account, all Defendants know they are violating their obligations and duties under federal and state law to accurately report the account and the balance.

50.     All Defendants know that parking a balance will lead to false and defamatory information being published every time the Plaintiff's credit report is accessed and this is the malicious and intentional design behind Defendants' actions with the goal to force the Plaintiff to pay on an account she does not owe.

51.    All Defendants maliciously, willfully, intentionally, recklessly, and/or negligently failed to review the information provided in the disputes and that was already in their files and to conduct a reasonable investigation and/or re-investigation into Plaintiff's disputes.

52.    At all relevant times the Defendant Experian failed to maintain and failed to follow reasonable procedures to assure maximum possible accuracy of Plaintiff's credit report and/or to conduct a reasonable and proper investigation and/or re-investigation and/or provide proper consumer disclosures, concerning the accounts in question, violating 15 U.S.C. §§ 1681e(b), 1681i and state law.

53.    Defendant Palisades failed to properly maintain and failed to follow reasonable procedures to assure maximum possible accuracy of Plaintiff's credit information and Plaintiff's credit report and/or to conduct a reasonable and proper investigation and/or re-investigation, concerning the account in question, thus violating state law and FDCPA as set forth in this Complaint. These violations occurred before, during, and after the dispute process began with the consumer reporting agencies.

54.    Defendant Palisades has taken aggressive actions in a continued effort to collect the alleged debt against Plaintiff. These actions include the continued reporting of the debt to third parties, including consumer-reporting agencies such as Experian, that Plaintiff owed the debt, that Plaintiff defaulted, and that the account was in collections.

55.    Defendant Experian has failed to maintain Plaintiff's accounts with maximum accuracy and all Defendants have failed to properly investigate and/or re-investigate the accounts in response to the disputes made by Plaintiff.

56.    The conduct of the Defendants has proximately caused Plaintiff past and future monetary loss, past and future damage to Plaintiff's credit and credit worthiness, past and future

mental distress and emotional anguish, and other damages that will be presented to the trier of fact.

57.     It is a practice of Defendant Palisades to maliciously, willfully, recklessly, wantonly and/or negligently ignore and refuse to follow the requirements of the FDCPA, FCRA, and state law.

58.     It is a practice of Defendant Experian to maliciously willfully, recklessly, wantonly and/or negligently ignore and refuse to follow the requirements of the FCRA, and state law.

59.     All actions taken by employees, agents, servants, or representatives of any type for any and/or all Defendants were taken in the line and scope of such individuals (or entities') employment, agency or representation.

60.     All actions taken by any and/or all Defendants were done with malice, were done willfully, and were done with either the desire to harm Plaintiff and/or with the knowledge that their actions would very likely harm Plaintiff and/or that their actions were taken in violation of the FCRA and/or FDCPA and/or state law and/or that they knew or should have known that their actions were in reckless disregard of the FCRA and/or FDCPA and/or state law.

61.     All Defendants have engaged in a pattern and practice of wrongful and unlawful behavior with respect to Plaintiff's accounts and consumer reports and as such all Defendants are subject to punitive damages and statutory damages and all other appropriate measures to punish and deter similar future conduct by these Defendants and similar companies.


## COUNT I

## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
## 15 U.S.C. § 1692 et seq.

62.     All paragraphs of this Complaint are expressly adopted and incorporated by reference as if fully set forth herein.

63.     Defendant Palisades violated the FDCPA in numerous ways, including, but not limited to the following:

      a.    Falsely reporting the debt on Plaintiff's credit reports with at least Experian, when Plaintiff does not owe the money;

      b.    Suing the Plaintiff when there was no basis to do so;

      c.    Continuing to assert the suit in state court when Defendant Palisades knew, or should have known, there was no basis for doing so;

      d.    Not informing the Plaintiff of the true amount that was allegedly owed by providing Plaintiff with different amounts regarding the same debt; and

      e.    Engaging in collection activities on a debt that Plaintiff does not owe and that Defendant Palisades is not entitled to collect upon.

64.     The violations of the FDCPA by the Defendant Palisades is the proximate cause of Plaintiffs' injuries under the FDCPA due to Defendant Palisades's conduct which violated the FDCPA and caused Plaintiff's actual damages, statutory damages, costs, expenses, and attorneys' fees.

WHEREFORE, Plaintiff demands judgment against Defendant Palisades for statutory, actual, compensatory and/or punitive damages, and attorneys' fees in the amount of $50,000, exclusive of interest from the date of injury and the costs and expenses of this proceeding.

## COUNT II

### VIOLATIONS OF THE FAIR CREDIT REPORTING ACT
### 15 U.S.C. § 1681 et seq.

65.     All paragraphs of this Complaint are expressly adopted and incorporated by

reference as if fully set forth herein.

66.     Defendant Experian is a "consumer reporting agency," as codified at 15 U.S.C. § 1681a(f).

67.     Defendant Palisades is an entity who, regularly and in the course of business, furnishes information to one or more consumer reporting agencies about its transactions or experiences with any consumer and therefore constitutes a "furnisher," as codified at 15 U.S.C. § 1681s-2.

68.     Plaintiff notified Defendant Experian directly of a dispute on the Defendant Palisades's account's completeness and/or accuracy, as reported.

69.     The credit reporting agency failed to delete inaccurate information, reinserted the information without following the FCRA, and/or failed to properly investigate Plaintiff's disputes.

70.     Plaintiff alleges that at all relevant times Defendant Experian failed to maintain and failed to follow reasonable procedures to assure maximum possible accuracy of his credit report with regard to the accounts in question in violation of 15 U.S.C. § 1681e(b).

71.     Plaintiff alleges that all Defendants failed to conduct a proper, reasonable and lawful investigation and/or reinvestigation as well as provide a proper consumer disclosure in violation of 15 U.S.C. § 1681i. All Defendants were given notice the suit was dismissed with prejudice but apparently failed to review the court file, contact the District Court, and/or contact counsel for Defendant Palisades and/or other proper and reasonable measures.

72.     All actions taken by the Defendants were done willfully, with malice, and were done with either the desire to harm Plaintiff and/or with the knowledge that their actions would very likely harm Plaintiff and/or that their actions were in violation of the FCRA and state law and/or that

knew or should have known that their actions were in reckless disregard of the FCRA and/or state law.

73.     All Defendants violations of the FCRA proximately caused the injuries and damages set forth in this Complaint.

WHEREFORE, Plaintiff demands judgment against all Defendants, jointly and severally, for statutory, actual, compensatory and/or punitive damages, and attorneys' fees in the amount of $50,000, exclusive of interest from the date of injury and the costs and expenses of this proceeding.

## COUNT III

## DEFAMATION

74.     All paragraphs of this Complaint are expressly adopted and incorporated by reference as if fully set forth herein.

75.     Defendant Palisades published false information about Plaintiff by reporting to one or more of the Consumer Reporting Agencies (CRAs) the account merely showing it as being "disputed".

76.     Each time the credit reports of Plaintiff were accessed, a new publication occurred, which was the result intended by the Defendant.

77.     Plaintiff alleges that the publications and defamations were done maliciously, without privilege, and with a willful intent to injure Plaintiff.

78.     Plaintiff has been damaged as a proximate result of Defendant Palisades's wrongful conduct as set forth in this Complaint.

WHEREFORE, Plaintiff demands judgment against Defendant Palisades for compensatory and punitive damages in the amount of $50,000, exclusive of interest from the date of injury and the costs and expenses of this proceeding.

## COUNT IV

## INVASION OF PRIVACY

79.    All paragraphs of this Complaint are expressly adopted and incorporated by reference as if fully set forth herein.

80.    Defendant Palisades recklessly, intentionally, and/or willfully invaded the privacy of Plaintiff as set forth in Alabama law, including publishing false information about Plaintiff's personal financial obligations and refusing to properly update the credit reports as described in this Complaint.

81.    Plaintiff has been damaged as a proximate result of Defendant Palisades's wrongful conduct as set forth in this Complaint.

WHEREFORE, Plaintiff demands judgment against Defendant Palisades for compensatory and punitive damages in the amount of $50,000, exclusive of interest from the date of injury and the costs and expenses of this proceeding.

## COUNT V

## NEGLIGENT, RECKLESS, WANTON, MALICIOUS AND/OR INTENTIONAL CONDUCT

82.    All paragraphs of this Complaint are expressly adopted and incorporated by reference as if fully set forth herein.

83.    Defendant Palisades has a duty under Alabama law, and also assumed a duty through the subscriber agreement with the CRAs, to accurately report the account of Plaintiff.

84.    Defendant Palisades has agreed to follow and understands it must follow the requirements of the FCRA.

85.    Defendant Palisades has a duty under Alabama law to act reasonably under

the circumstances.

86.    Defendant Palisades has violated this duty under Alabama law by failing to accurately report Plaintiff's account to the credit reporting agencies.

87.    Defendant Palisades violated its duties to Plaintiff and such violations were made intentionally, recklessly, wantonly, maliciously, and/or negligently as Defendant refused to comply with all the duties Defendant had.

88.    Defendant Experian violated their duties to Plaintiff and such violations were made intentionally, recklessly, wantonly, maliciously, and/or negligently as these Defendants refused to comply with all the duties these Defendants had or owed to Plaintiff.

89.    Plaintiff has been damaged as a proximate result of all Defendants' wrongful conduct as set forth in this Complaint.

WHEREFORE, Plaintiff demands judgment against all Defendants, jointly and severally, for statutory, actual, compensatory and/or punitive damages, and attorneys' fees in the amount of $50,000, exclusive of interest from the date of injury and the costs and expenses of this proceeding.


                                        s/Wesley L. Phillips
                                        Wesley L. Phillips (PHI053)
                                        Attorney for Plaintiff

OF COUNSEL:
PHILLIPS LAW GROUP, LLC
Post Office Box 130488
Birmingham, Alabama 35213-0488
Telephone: (205) 383-3585
Facsimile:  (800) 536-0385
Email: wlp@wphillipslaw.com



**PLAINTIFF DEMANDS A TRIAL BY JURY IN THIS MATTER .**

<u>s/Wesley L. Phillips</u>
OF COUNSEL

<u>Plaintiff's Address:</u>
Stephen P. Preston
177 Creekstone Trail
Calera, Alabama 35040

## PLEASE SERVE SUMMONS AND COMPLAINT BY CERTIFIED MAIL AS FOLLOWS:

Palisades Collection, LLC
c/o The Corporation Company
2000 Interstate Park Drive, Suite 204
Montgomery, Alabama 36109

Experian Information Solutions, Inc.
c/o The Corporation Company
2000 Interstate Park Drive, Suite 204
Montgomery, Alabama 36109



ELECTRONICALLY FILED
2/10/2010 5:39 PM
CV-2010-900125.00
CIRCUIT COURT OF
SHELBY COUNTY, ALABAMA
MARY HARRIS, CLERK

## IN THE CIRCUIT COURT OF SHELBY COUNTY, ALABAMA

| | |
|---|---|
| STEPHEN P. PRESTON,       ) | |
|     ) | |
|   Plaintiff,     ) | |
|     ) | |
|     ) | |
| vs.     ) | Case No.: _____ |
|     ) | |
| PALISADES COLLECTION, LLC,     ) | |
| a corporation;     ) | |
| EXPERIAN INFORMATION SOLUTIONS,   ) | |
| INC., a corporation; and     ) | |
|     ) | |
|   Defendants.     ) | |

## PLAINTIFF'S FIRST INTERROGATORIES, REQUEST FOR ADMISSIONS, AND REQUEST FOR PRODUCTION TO DEFENDANT PALISADES COLLECTION, LLC

COMES NOW Plaintiff Stephen P. Preston, by and through his undersigned counsel, and hereby requests that Defendant Palisades Collection, LLC (hereinafter, collectively, "you," "your," and/or "this Defendant"), answer the following interrogatories and requests for production of documents within the time required by the Alabama Rules of Civil Procedure.  In addition, Plaintiff requests that Defendant attach a copy of each and every document referred to in any of the interrogatories or in these Defendant's responses thereto or that this Defendant state the date and time the said documents will be produced for inspection and copying at the offices of Plaintiff's attorney.

**NOTE:**   These interrogatories shall be deemed continuing so as to require supplemental answers upon receipt of additional information subsequent to its original response.

**I.    INTERROGATORIES:**

1.      State whether this Defendant's name correctly is stated in the complaint filed in this case.  If not, state the correct way this defendant should be designated as a party defendant in the named action at the time of occurrence made the basis of this lawsuit and at the time of response to these interrogatories.

**RESPONSE:**

2.      State the corporate history of this Defendant, including the date and place of incorporation; whether it is qualified to do business in the State of Alabama, and, if so, the date first qualified; the address of its principal place of business; and the full names of any and all subsidiaries, divisions, sister corporations, parent corporations, successors, assigns and other like entities.

       a.      State the address of all business locations of this Defendant;

       b.      Describe the nature of this Defendant's business.

**RESPONSE:**

3.      Identify the names, addresses, and telephone numbers of all persons who were witness to or who have personal knowledge of any of the facts, events, or matters that are alleged in Plaintiff's complaint, your answer, anticipated answer and/or defenses thereto and describe and explain your understanding of the matters on which the persons named have knowledge. In addition to identifying said individuals as specified in the instructions above, please include the following:

(a) Please state whether each such person is affiliated with, or related to, or employed by any party (or its agents, servants, officers, or employees) to this lawsuit;

(b) If any of the persons so listed in response to this interrogatory do not fit the characterization in subpart (a) above, please describe the nature of their involvement in this lawsuit;

(c) Please explain and describe your understanding of their knowledge of such facts.

**RESPONSE:**

4. Identify all correspondence or documents that refer or relate to any correspondence or communication between you and any other defendant in this action, relating or referring to the Plaintiff, facts, acts, events, or matters alleged in Plaintiff's complaint, or your answer, anticipated answer and/or defenses thereto.

**RESPONSE:**

5. State your policies and procedures and identify the name or title of said policy and procedure as well as any and all manuals, reference books, of memorandums by whatever name called, designed to assure the maximum possible accuracy of the information in your database and that such information is accurately reported to the credit reporting agencies, including Equifax, Experian, and Trans Union.

**RESPONSE:**

6. For each request for admission to which you did not give an unqualified

"admitted," please state in detail the basis for each such refusal to admit and identify all documents which relate to your refusal to admit.

**RESPONSE:**

7. Explain in detail why you pulled Plaintiff's credit reports.

**RESPONSE:**

8. What is your policy and procedure for pulling credit reports? Identify and produce all related documents, including memos, emails, policy and procedure books or guidelines, etc.

**RESPONSE:**

9. Identify all documents in your possession that you claim are privileged, identifying the types of documents, dates of documents, subject matter of the documents, authors and recipients of the documents, and the applicable privilege.

**RESPONSE:**

10.     State the name and address of each and every witness expected to be called at the trial of this action.

**RESPONSE:**


11.     State how many credit reports of consumers in Alabama you pulled in 2008 and how many you pulled in 2009.

**RESPONSE:**


12.     For each affirmative defense identify all documents, facts, or witnesses that support each such defense.

**RESPONSE:**


13.     State the name and address of each and every expert witness expected to be called at the trial of this action.  Include in your answers any and all opinions, and the basis for such opinions, upon which each and every expert will be called to testify and the qualifications of each expert.

**RESPONSE:**


14.     State your policies and procedures and identify the name or title of said policy and procedure as well as any and all manuals, reference books, of memorandums by whatever name called, for the purpose of conducting a proper and reasonable investigation or re-investigation of a consumer dispute in compliance with the FCRA.

**RESPONSE:**

## II.   PLAINTIFF'S FIRST REQUEST FOR ADMISSIONS

1.   Admit or deny that Plaintiff did not give you permission to pull Plaintiff's credit reports.

**RESPONSE:**

2.   Admit or deny you told Equifax, Experian, and/or Trans Union that Plaintiff had given you permission to pull his reports.

**RESPONSE:**

3.   Admit or deny that you knew that pulling Plaintiff's credit reports would adversely affect Plaintiff's credit worthiness.

**RESPONSE:**


## III.   REQUESTS FOR PRODUCTION OF DOCUMENTS

1.   Please produce all documents evidencing, relating, referencing, and/or involving communications between you and any of the other defendants which regarded or in any way referenced Plaintiff and/or any of Plaintiff's personal identifiers.

2.   Produce all documents that reference, relate, and/or refer in any way to the Plaintiff.

3.   Produce all documents evidencing, relating, referencing, involving and/or constituting communications between you and Plaintiff or anyone acting on or purporting to act on Plaintiff's behalf.

4.   Produce your policy manuals, procedure manuals, or other documents, which address your policies, practices or procedures in pulling credit reports during each of

the years: 1999, 2000, 2001, 2002, 2003, 2004, 2005, 2006, 2007, 2008 and 2009.

5.     Produce your policy manuals, procedure manuals, or other documents, which reference, constitute, evidence, and/or duplicate the Fair Credit Reporting Act (or any part thereof) and its revisions or amendments provided to your employees, during each of the years: 1999, 2000, 2001, 2002, 2003, 2004, 2005, 2006, 2007, 2008 and 2009.

6.     Produce your contract, documents, manuals or other recorded data, concerning your subscriber relationships with the other defendants and with any consumer reporting agency from which you pulled credit reports on Plaintiff.

7.     Please produce your documents evidencing, referencing, constituting and/or containing your subscriber contracts, subscriber names, subscriber codes, personal identification numbers, reporting policies, means and procedures and/or access codes and specify what time periods such contracts, names, codes, personal identification numbers and/or access codes were used or made available to you by any party to this case.

8.     Produce your documents which evidence, reference, relate, constitute and/or address your communications with Plaintiff or anyone acting on behalf of Plaintiff.

9.     Produce your documents and/or correspondence in your, or your attorney's, possession that evidence, refer to, and/or relate to any facts which you believe may have any bearing upon this lawsuit or any defenses you have raised in this lawsuit, not to include letters between you and your attorney.

10.     Produce copies of your documents evidencing, relating to, and/or referencing telephone messages, log books and/or other regularly maintained records by you which contain information about communications between you and Plaintiff and/or any other defendant in this action and/or any consumer reporting agency or furnisher or government bureau or any Better

Business Bureau.

11.     Produce any and all documents which evidence, relate, and/or refer in any manner to the Plaintiff or any of Plaintiff's accounts.

12.     Produce any and all documents identified, relied upon or referred to by you in your responses to Plaintiff's interrogatories.

s/Wesley L. Phillips
Wesley L. Phillips (PHI053)
Attorney for Plaintiff

OF COUNSEL:
PHILLIPS LAW GROUP, LLC
Post Office Box 130488
Birmingham,   Alabama 35213
(205) 383-3585  - voice
(800) 536-0385 - facsimile

## **PLEASE SERVE ALONG WITH THE SUMMONS AND COMPLAINT.**



ELECTRONICALLY FILED
2/10/2010 5:39 PM
CV-2010-900125.00
CIRCUIT COURT OF
SHELBY COUNTY, ALABAMA
MARY HARRIS, CLERK

## IN THE CIRCUIT COURT OF SHELBY COUNTY, ALABAMA

|  |  |  |
|---|---|---|
| STEPHEN P. PRESTON, | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No.: _____ |
| | ) | |
| PALISADES COLLECTION, LLC, | ) | |
| a corporation; | ) | |
| EXPERIAN INFORMATION SOLUTIONS, | ) | |
| INC., a corporation; and | ) | |
| | ) | |
| Defendants. | ) | |

## PLAINTIFF'S FIRST INTERROGATORIES, REQUEST FOR ADMISSIONS, AND REQUEST FOR PRODUCTION TO DEFENDANT EXPERIAN INFORMATION SOLUTIONS, INC.

COMES NOW Plaintiff Stephen P. Preston, by and through his undersigned counsel, and

hereby requests that Defendant Experian Information Solutions, Inc. (hereinafter, collectively,

"you," "your," and/or "this Defendant"), answer the following interrogatories and requests for

production of documents within the time required by the Alabama Rules of Civil Procedure.  In

addition, Plaintiff requests that Defendant attach a copy of each and every document referred to

in any of the interrogatories or in these Defendant's responses thereto or that this Defendant state

the date and time the said documents will be produced for inspection and copying at the offices

of Plaintiff's attorney.

**NOTE:**   These interrogatories shall be deemed continuing so as to require supplemental

answers upon receipt of additional information subsequent to its original response.

**I.      INTERROGATORIES:**

1.      State whether this Defendant's name correctly is stated in the complaint filed in

this case. If not, state the correct way this defendant should be designated as a party defendant in the named action at the time of occurrence made the basis of this lawsuit and at the time of response to these interrogatories.

**RESPONSE:**

2.      State the corporate history of this Defendant, including the date and place of incorporation; whether it is qualified to do business in the State of Alabama, and, if so, the date first qualified; the address of its principal place of business; and the full names of any and all subsidiaries, divisions, sister corporations, parent corporations, successors, assigns and other like entities.

a.      State the address of all business locations of this Defendant;

b.      Describe the nature of this Defendant's business.

**RESPONSE:**

3.      Identify the names, addresses, and telephone numbers of all persons who were witness to or who have personal knowledge of any of the facts, events, or matters that are alleged in Plaintiff's complaint, your answer, anticipated answer and/or defenses thereto and describe and explain your understanding of the matters on which the persons named have knowledge. In addition to identifying said individuals as specified in the instructions above, please include the following:

(a) Please state whether each such person is affiliated with, or related to, or employed by any party (or its agents, servants, officers, or employees) to this lawsuit;

(b) If any of the persons so listed in response to this interrogatory do not fit the characterization in subpart (a) above, please describe the nature of their involvement in this lawsuit;

(c) Please explain and describe your understanding of their knowledge of such facts.

**RESPONSE:**

4.     Identify all correspondence or documents that refer or relate to any correspondence or communication between you and any other defendant in this action, as well as any potential credit grantors or mortgage grantors relating or referring to the Plaintiff, facts, acts, events, or matters alleged in Plaintiff's complaint, or your answer, anticipated answer and/or defenses thereto.

**RESPONSE:**

5.     Please state whether you received any requests from Defendant Palisades Collection, LLC related to pulling Plaintiff's credit reports in connection with your response, please identify the dates of such requests, the manner of the requests, the identifying data connected with the requests, and explain and describe the reasons you allowed Defendant Palisades Collection, LLC to have access to Plaintiff's credit reports.

**RESPONSE:**

6.     State your policies and procedures and identify the name or title of said policy and procedure as well as any and all manuals, reference books, of memorandums by whatever name

called, designed to assure the maximum possible accuracy of the information in your consumer credit database and consumer reports you issued and to ensure credit pulls are only allowed when the company desiring to make the pull has a permissible reason.

**RESPONSE:**

7.     If any document that is or would have been responsive to Plaintiff's Requests for Production of Documents to you was destroyed, lost, mislaid, or otherwise missing, identify the document, state the date of and reason for its destruction, and identify all persons having knowledge of its contents and/or the reason for its destruction.

**RESPONSE:**

8.     Identify all documents in your possession that you claim are privileged, identifying the types of documents, dates of documents, subject matter of the documents, authors and recipients of the documents, and the applicable privilege.

**RESPONSE:**

9.     If any document responsive to Plaintiff's Request for Production of Documents to you is withheld from production, identify each such document by date, title, subject matter, length and the request to which it is potentially responsive and state the reason for withholding production, and identify each person to whom the document was sent, shown, or made accessible, or to whom it was explained.

**RESPONSE:**

10.    Please list, explain and describe documents known to you or believed by you to exist concerning any of the events described in Plaintiff's complaint or concerning any of the events which are the subject(s) of any defense(s) you have raised to this lawsuit.

**RESPONSE:**

11.    If your answer to any Request for Admission is anything other than an unqualified "Admit," then explain in detail each and every reason for your answer to each Request for Admission that you did not give an unqualified admission, identifying all persons and documents.

**RESPONSE:**

12.    State the name and address of each and every witness expected to be called at the trial of this action.

**RESPONSE:**

13.    State the name and address of each and every expert witness expected to be called at the trial of this action.  Include in your answers any and all opinions, and the basis for such opinions, upon which each and every expert will be called to testify and the qualifications of each expert.

**RESPONSE:**

14.     State the name, address, phone number, and employer of each and every person known by you to have any knowledge whatsoever of matters related, referencing, or pertaining to the events made the basis of this lawsuit.

**RESPONSE:**

15.     State whether, in the past ten years, you have been named a party defendant in any other lawsuit involving claims or allegations you violated the Fair Credit Reporting Act (15 U.S.C. §1681, et. seq.) with regard to properly conducting an investigation of a disputed account and/or improperly reporting accounts. If so, state the name of the lawsuit, the civil action number and the court where the action was filed.

**RESPONSE:**

16.     State whether, in the past ten (10) years, you have been involved in any other legal action, either as a defendant or a plaintiff where allegations were raised concerning improper use of personal or financial data or credit report access issues were involved? If so, please state:

a) The date and place each such action was filed identifying the other party or parties involved, the docket number of such actions, and the names of the attorneys representing each party;

b) A description of the nature of each such action; and

c) The result of each such action whether there was an appeal, and the result of the appeal, and whether such case was reported and the name, volume number, and page citation of the report.

**RESPONSE:**

17.     State and fully describe the maintenance of all procedures utilized by you to avoid violation of the Fair Credit Reporting Act, including, but not limited to, all documents regarding this Defendant's compliance or noncompliance with the FCRA.

**RESPONSE:**

18.     State your policies and procedures and identify the name or title of said policy and procedure as well as any and all manuals, reference books, of memorandums by whatever name called, for the purpose of conducting a proper and reasonable investigation or re-investigation of a consumer dispute in compliance with the FCRA.

**RESPONSE:**

## II.     PLAINTIFF'S FIRST REQUEST FOR ADMISSIONS

1.     Admit or deny that you followed all policies and procedures for allowing Defendant Palisades Collections, LLC to pull Plaintiff's credit reports.

**RESPONSE:**

2.     Admit or deny you intended that other persons or entities would see the credit pulls by Defendant Palisades Collections, LLC if such other persons or entities reviewed Plaintiff's credit report maintained by you.

**RESPONSE:**

3.     Admit or deny the credit pulls by Defendant Palisades Collections, LLC do not

improve Plaintiff's credit history.

**RESPONSE:**

4.     Admit or deny the credit pulls by Defendant Palisades Collections, LLC  lower Plaintiff's credit score using your credit scoring formula.

**RESPONSE:**

5.     Admit or deny you have not yet deleted the inquiries of Palisades Collections, LLC from Plaintiff's credit reports.

**RESPONSE:**

6.     Admit or deny you had not yet deleted the inquiries of Palisades Collections, LLC from Plaintiff's credit reports as of the date this action was filed.

**RESPONSE:**

7.     Admit or deny the Plaintiff does not have a choice on whether you will maintain a credit report on him.

**RESPONSE:**

**III.     REQUESTS FOR PRODUCTION OF DOCUMENTS**

1.     Please produce all documents evidencing, relating to, and/or involving communications between you and any of the other defendants, in which the communication in any way referenced Plaintiff and/or any of Plaintiff's personal identifiers.

2.     Produce each and every document that refers to the plaintiff.

3.     Please produce all documents evidencing, relating to, and/or involving or constituting communications between you and the plaintiff or anyone acting on or purporting to act on the plaintiff's behalf.

4.    Please produce your policy manuals, procedure manuals, or other documents, which address your policies, practices or procedures in allowing credit pulls during each of the years: 1999, 2000, 2001, 2002, 2003, 2004, 2005, 2006, 2007, 2008, and 2009.

5.    Please produce your policy manuals, procedure manuals, or other documents, which reference, constitute or duplicate the Fair Credit Reporting Act (or any part thereof) and its revisions or amendments provided to your employees, during each of the years: 1999, 2000, 2001, 2002, 2003, 2004, 2005, 2006, 2007, 2008 and 2009.

6.    Please produce your contract, documents, manuals, and/or all recorded data in whatever medium or form concerning your subscriber relationships with all other defendants.

7.    Please provide a complete audit trail of any document(s), computer(s), or other data held by you which indicate, address, and/or discuss modifying and/or amending any information regarding Plaintiff reported by you.

8.    Please produce your documents evidencing, relating, referencing, constituting and/or containing your subscriber contracts, subscriber names, subscriber codes, personal identification numbers, reporting policies, means and procedures and/or access codes and specify what time periods such contracts, names, codes, personal identification numbers and/or access codes were used or made available to you by any party to this case.

9.    Please produce your documents which evidence, relate, reference, constitute and/or address your communications with Plaintiff or anyone acting on behalf of Plaintiff.

10.    Please produce all documents and/or correspondence in your, or your attorney's, possession that refer to or relate to any facts which you believe may have any bearing upon this lawsuit or any defenses you have raised in this lawsuit, not to include any privileged letters between you and your attorney.

11.     Please produce copies of your documents evidencing, relating, referencing, constituting and/or containing telephone messages, log books or other regularly maintained records by you which contain information about communications between you and Plaintiff and/or any other defendant in this action and/or any consumer reporting agency or furnisher or government bureau or any Better Business Bureau.

12.     Please produce all documents in your custody, control, or possession evidencing, relating, referencing, constituting and/or which refer in any manner to Plaintiff or any of Plaintiff's accounts.

13.     Please produce any and all documents identified, relied upon, and/or referred to by you in your responses to Plaintiff's interrogatories.

   s/Wesley L. Phillips
Wesley L. Phillips (PHI053)
Attorney for Plaintiff

OF COUNSEL:
PHILLIPS LAW GROUP, LLC
Post Office Box 130488
Birmingham,  Alabama 35213
(205) 383-3585 - voice
(800) 536-0385 - facsimile


**PLEASE SERVE ALONG WITH THE SUMMONS AND COMPLAINT.**





MARY H. HARRIS
CIRCUIT CLERK, SHELBY COUNTY
P.O. BOX 1810
COLUMBIANA, ALABAMA 35051

CERTIFIED MAIL

7009 1140 0000 7264 2235

$4.50



Palisades Collection, LLC
2000 Interstate Park Dr
Suite 204
Montgomery, AL 36109

Hasler

US POSTAGE
$11.500
Mailed From 35051
02-22-2010

| State of Alabama<br>Unified Judicial System<br><br>Form C-34  Rev 6/88 | **SUMMONS**<br>- CIVIL - | **Case Number:**<br>58-CV-2010-900125.00 |
|---|---|---|

### IN THE CIVIL COURT OF SHELBY, ALABAMA
### STEPHEN P PRESTON v. PALISADES COLLECTION, LLC ET AL

**NOTICE TO**

EXPERIAN INFORMATION SOLUTIONS, INC., 2000 INTERSTATE PARK DR SUITE 204, MONTGOMERY, AL 36109

THE COMPLAINT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS. YOU OR YOUR ATTORNEY ARE REQUIRED TO FILE THE ORIGINAL OF YOUR WRITTEN ANSWER, EITHER ADMITTING OR DENYING EACH ALLEGATION IN THE COMPLAINT WITH THE CLERK OF THIS COURT. A COPY OF YOUR ANSWER MUST BE MAILED OR HAND DELIVERED BY YOU OR YOUR ATTORNEY TO THE OPPOSING PARTY'S ATTORNEY WESLEY L PHILLIPS

WHOSE ADDRESS IS 15 Office Park Circle, Suite 206, Birmingham, AL 35223

THE ANSWER MUST BE MAILED WITHIN 30 DAYS AFTER THIS SUMMONS AND COMPLAINT WERE DELIVERED TO YOU OR A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT.

TO ANY SHERIFF OR ANY PERSONNEL AUTHORIZED by the Alabama Rules of the Civil Procedure:

☐ You are hereby commanded to serve this summons and a copy of the complaint in this action upon the defendant

☑ Service by certified mail of this summons is initiated upon the written request of   **STEPHEN P PRESTON**
pursuant to the Alabama Rules of the Civil Procedure

2/10/2010 5:39:32 PM          /s MARY HARRIS

Date                          Clerk/Register          By

☑ Certified mail is hereby requested   /s WESLEY L PHILLIPS   **MARY H. HARRIS**
                                       Plaintiff's/Attorney's Signature   **CIRCUIT CLERK, SHELBY COUNTY**
                                                                          **P.O. BOX 1810**

**RETURN ON SERVICE:**   **COLUMBIANA, AL  35051**

☐ Return receipt of certified mail received in this office on _____

☐ I certify that I personally delivered a copy of the Summons and Complaint to _____

_____ in _____ County, Alabama on _____

_____          _____
Date                     Server's Signature

### 58-CV-2010-900125.00
STEPHEN P PRESTON v. PALISADES COLLECTION, LLC ET AL

C001 - STEPHEN P PRESTON          v.   D002 - EXPERIAN INFORMATION SOLUTIONS, INC.
**Plaintiff**                          **Defendant**

58-CV-2010-900125.00 D002

**SERVICE RETURN COPY**



ELECTRONICALLY FILED
2/10/2010 5:39 PM
CV-2010-900125.00
CIRCUIT COURT OF
SHELBY COUNTY, ALABAMA
MARY HARRIS, CLERK

## IN THE CIRCUIT COURT OF SHELBY COUNTY, ALABAMA

STEPHEN P. PRESTON,         )
                                )
     Plaintiff,              )
                                )
                                )
vs.                             )     Case No.: CV-10-900125
                                )
PALISADES COLLECTION, LLC,  )
a corporation;               )
EXPERIAN INFORMATION SOLUTIONS,  )
INC., a corporation; and      )
                                )
     Defendants.           )

### COMPLAINT

COMES NOW Plaintiff, by and through counsel, in the above styled cause, and for

Plaintiff's Complaint against the Defendants states as follows:

### PARTIES

1.     Plaintiff Stephen P. Preston is a resident of Shelby County, over 19 years of age, and

is competent to bring this action.

2.     Defendant Palisades Collection, LLC (hereinafter "Palisades") is registered in

Delaware with its principal place of business located in Englewood Cliffs, New Jersey and was doing

business in Shelby County, Alabama at all times material to this Complaint.

3.     Defendant Experian Information Solutions, Inc. (hereinafter "Experian") is an

Ohio corporation with its principal place of business located in Orange, California and was doing

business in Shelby County, Alabama at all times material to this Complaint.

### FACTUAL ALLEGATIONS

4.     In March, 2009, Defendant Palisades sued Plaintiff in the District Court of Shelby

County, Alabama, with a case number of DV-2009-244.

5.      Plaintiff answered lawsuit numbered DV-2009-244 filed by Defendant Palisades on April 29, 2009.

6.      In this suit, Defendant Palisades asserted it was the owner of a certain debt it that was allegedly owed by Plaintiff in the amount of $4,152.76.

7.      Defendant Palisades asserted it was owed the amount of $4,152.76 based on the theories of contract, open account, and account stated for its recovery against Plaintiff.

8.      In various correspondence Defendant Palisades claimed Plaintiff owed it $4,152.76.

9.      Plaintiff denied and disputed the debt.

10.     After being sued, Plaintiff timely filed an Answer denying the allegations claimed by Defendant Palisades.

11.     Counsel for Defendant Palisades requested a continuance of the July 6, 2009 trial date due to a conflict with other trials on that date.

12.     The District Court set the case for trial on August 24, 2009. Notice was sent to Defendant Palisades and Plaintiff.

13.     On August 24, 2009, the Honorable John H. Alsbrooks, District Judge for Shelby County, entered an Order finding for Plaintiff and against Defendant Palisades in case number DV-2009-244.

14.     The verdict entered in favor of Plaintiff Stephen Preston and against Defendant Palisades by the District Court was a final adjudication on the merits, to which Defendant Palisades did not appeal within the time allowed, thus, making the judgment a final judgment from which an appeal no longer lies.

15.     Defendant Palisades is not the owner of this alleged debt.

16.     Defendant Palisades reported to the credit reporting agencies that Plaintiff owed this money and was in default.

17.     Plaintiff did not owe this money to Defendant Palisades.

18.     The debt being collected is a "consumer debt" as defined by the FDCPA.

19.     Plaintiff is a "consumer" as defined by the FDCPA and FCRA.

20.     Defendant Palisades is a "debt collector" as defined by the FDCPA.

21.     After the dismissal with prejudice by the District Court, Plaintiff sent a letter to Defendant Experian requesting an investigation of the account that still appeared on Plaintiff's credit reports with regard to Palisades and this account number.

22.     Plaintiff requested the accounts be deleted, as Plaintiff did not owe said account.

23.     Plaintiff requested Defendants Experian to contact Defendant Palisades's attorney or the District Court to verify that Plaintiff had indeed won the lawsuit in order to determine that this account should be immediately deleted from his credit reports.

24.     No Defendant was concerned or cared about what the District Court did in the case as no Defendant had any intention of performing a reasonable investigation.

25.     In fact, no Defendant performed any type of reasonable investigation and/or re-investigation.

26.     Defendant Experian notified Defendant Palisades in accordance with the FCRA of the dispute by the Plaintiff.

27.     Alternatively, Defendant Experian did not properly notify Defendant Palisades and, as a part of this failure, did not include all relevant information provided by Plaintiff in its notification of Defendant Palisades.

28.     This includes notification that Plaintiff won the lawsuit in the District Court.

29.     All Defendants failed to properly investigate and/or re-investigate these disputes, and if Defendants had properly investigated, the accounts would have been deleted.

30.     On October 28, 2009, Defendant Experian issued an improper report stating the results of its investigation and re-investigation, Report number 1987555323.

31.     Report number 1987555323 shown only the Defendant Palisades account with account number "PALICHSARB1828...." as "Updated."

32.     Further, Report number 1987555323 states the consumer is to "review this report to learn its outcome."

33.     In the one page report containing only the Palisades trade line, Defendant Experian improperly, unreasonably, and inaccurately verified the Palisades account showing a balance of $4,152 as of October, 2009.

34.     The report of Defendant Experian to Plaintiff and the failure to properly and/or reasonably investigate and re-investigate by Defendant Experian following the entering of judgment against Defendant Palisades in the District Court case it brought against Plaintiff shows that all Defendants failed and willfully refused to conduct an adequate and reasonable investigation and/or re-investigation into Plaintiff's dispute.

35.     All Defendants were provided with more than sufficient information in the dispute and in their own internal sources of information (which includes the knowledge of Defendant Palisades through its District Court trial counsel that Plaintiff won the case at trial) to conduct an investigation and to conclude that the account complained of was being reported incorrectly.

36.     Defendant Experian has proclaimed in the past it was obligated to rely upon whatever the public records state about a consumer.

37.     For example, had Plaintiff not answered the District Court suit and a default

judgment had been entered, and Plaintiff disputed with the Consumer Reporting Agencies, Experian would have taken the position that they were bound by the state court judgment which says Plaintiff owes the money.

38.     Defendant Experian, however, refused to rely upon what the District Court judge actually rendered in this case, particularly, that Plaintiff Stephen Preston prevailed at trial on the merits.

39.     The verdict for Plaintiff means the Plaintiff does not owe the money claimed by Defendant Palisades; and the District Court's ruling was a final judgment.

40.     The dismissal with prejudice was not appealed to the Shelby County Circuit Court, and there is no avenue for appeal for Defendant Palisades of this judgment as the time to appeal has long since passed.

41.     Despite this knowledge, Defendant Experian has completely abdicated their obligations under federal and state law and have instead chosen to merely "parrot" whatever their customer, Defendant Palisades, has told them to say.

42.     Defendant and Experian has a policy to favor the paying customer, in this situation Defendant Palisades, rather than what the consumer or even a court says about a debt.

43.     The primary reason for this wrongful policy is that furnishers in general, and debt collectors specifically, provide enormous financial rewards to these Defendants.

44.     The importance of keeping balances on credit reports is that all the Defendants understand that one of the most powerful methods furnishers (and debt collectors) have to wrench payment from a consumer is by placing accounts with balances on the consumer's credit reports.

45.     Defendant Palisades has a policy and procedure to refuse to update credit reports of consumers, like Plaintiff, who do not owe the alleged debt. This practice and procedure keeps false

information on the credit report. The false information consists of a balance shown as owed when Defendant Palisades knows no balance is owed.

46.     Defendant Palisades promises through its subscriber agreements or contracts to accurately update accounts but Defendant Palisades has willfully, maliciously, recklessly, wantonly, and/or negligently failed to follow this requirement as well as the requirements set forth under the FCRA, FDCPA, and state law, which has resulted in the intended consequences of this information remaining on Plaintiff's credit reports.

47.     Defendant Palisades had a duty, and has a duty it assumed through the subscriber agreement and other actions, to accurately report the balances, and this duty was breached in a negligent, wanton, reckless, willful, intentional, and/or malicious manner.

48.     Defendant Palisades has a policy and/or practice to "park" its accounts on at least one of the consumer's credit reports. In the credit reporting industry, the term "park" means to keep a false balance (or false account) on the credit report so that the consumer will be forced to pay off the balance in order to obtain a refinancing or to qualify for a loan or to increase the consumer's credit score from the artificially lowered score which directly resulted from the Defendants' intentional and malicious conduct.

49.     In parking or allowing the parking of an account, all Defendants know they are violating their obligations and duties under federal and state law to accurately report the account and the balance.

50.     All Defendants know that parking a balance will lead to false and defamatory information being published every time the Plaintiff's credit report is accessed and this is the malicious and intentional design behind Defendants' actions with the goal to force the Plaintiff to pay on an account she does not owe.

51. All Defendants maliciously, willfully, intentionally, recklessly, and/or negligently failed to review the information provided in the disputes and that was already in their files and to conduct a reasonable investigation and/or re-investigation into Plaintiff's disputes.

52. At all relevant times the Defendant Experian failed to maintain and failed to follow reasonable procedures to assure maximum possible accuracy of Plaintiff's credit report and/or to conduct a reasonable and proper investigation and/or re-investigation and/or provide proper consumer disclosures, concerning the accounts in question, violating 15 U.S.C. §§ 1681e(b), 1681i and state law.

53. Defendant Palisades failed to properly maintain and failed to follow reasonable procedures to assure maximum possible accuracy of Plaintiff's credit information and Plaintiff's credit report and/or to conduct a reasonable and proper investigation and/or re-investigation, concerning the account in question, thus violating state law and FDCPA as set forth in this Complaint. These violations occurred before, during, and after the dispute process began with the consumer reporting agencies.

54. Defendant Palisades has taken aggressive actions in a continued effort to collect the alleged debt against Plaintiff. These actions include the continued reporting of the debt to third parties, including consumer-reporting agencies such as Experian, that Plaintiff owed the debt, that Plaintiff defaulted, and that the account was in collections.

55. Defendant Experian has failed to maintain Plaintiff's accounts with maximum accuracy and all Defendants have failed to properly investigate and/or re-investigate the accounts in response to the disputes made by Plaintiff.

56. The conduct of the Defendants has proximately caused Plaintiff past and future monetary loss, past and future damage to Plaintiff's credit and credit worthiness, past and future

mental distress and emotional anguish, and other damages that will be presented to the trier of fact.

57.     It is a practice of Defendant Palisades to maliciously, willfully, recklessly, wantonly and/or negligently ignore and refuse to follow the requirements of the FDCPA, FCRA, and state law.

58.     It is a practice of Defendant Experian to maliciously willfully, recklessly, wantonly and/or negligently ignore and refuse to follow the requirements of the FCRA, and state law.

59.     All actions taken by employees, agents, servants, or representatives of any type for any and/or all Defendants were taken in the line and scope of such individuals (or entities') employment, agency or representation.

60.     All actions taken by any and/or all Defendants were done with malice, were done willfully, and were done with either the desire to harm Plaintiff and/or with the knowledge that their actions would very likely harm Plaintiff and/or that their actions were taken in violation of the FCRA and/or FDCPA and/or state law and/or that they knew or should have known that their actions were in reckless disregard of the FCRA and/or FDCPA and/or state law.

61.     All Defendants have engaged in a pattern and practice of wrongful and unlawful behavior with respect to Plaintiff's accounts and consumer reports and as such all Defendants are subject to punitive damages and statutory damages and all other appropriate measures to punish and deter similar future conduct by these Defendants and similar companies.

## COUNT I

## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
## 15 U.S.C. § 1692 et seq.

62.     All paragraphs of this Complaint are expressly adopted and incorporated by reference as if fully set forth herein.

63.     Defendant Palisades violated the FDCPA in numerous ways, including, but not limited to the following:

      a.    Falsely reporting the debt on Plaintiff's credit reports with at least Experian, when Plaintiff does not owe the money;

      b.    Suing the Plaintiff when there was no basis to do so;

      c.    Continuing to assert the suit in state court when Defendant Palisades knew, or should have known, there was no basis for doing so;

      d.    Not informing the Plaintiff of the true amount that was allegedly owed by providing Plaintiff with different amounts regarding the same debt; and

      e.    Engaging in collection activities on a debt that Plaintiff does not owe and that Defendant Palisades is not entitled to collect upon.

64.     The violations of the FDCPA by the Defendant Palisades is the proximate cause of Plaintiffs' injuries under the FDCPA due to Defendant Palisades's conduct which violated the FDCPA and caused Plaintiff's actual damages, statutory damages, costs, expenses, and attorneys' fees.

WHEREFORE, Plaintiff demands judgment against Defendant Palisades for statutory, actual, compensatory and/or punitive damages, and attorneys' fees in the amount of $50,000, exclusive of interest from the date of injury and the costs and expenses of this proceeding.

## COUNT II

## VIOLATIONS OF THE FAIR CREDIT REPORTING ACT
## 15 U.S.C. § 1681 et seq.

65.     All paragraphs of this Complaint are expressly adopted and incorporated by

reference as if fully set forth herein.

66.     Defendant Experian is a "consumer reporting agency," as codified at 15 U.S.C. § 1681a(f).

67.     Defendant Palisades is an entity who, regularly and in the course of business, furnishes information to one or more consumer reporting agencies about its transactions or experiences with any consumer and therefore constitutes a "furnisher," as codified at 15 U.S.C. § 1681s-2.

68.     Plaintiff notified Defendant Experian directly of a dispute on the Defendant Palisades's account's completeness and/or accuracy, as reported.

69.     The credit reporting agency failed to delete inaccurate information, reinserted the information without following the FCRA, and/or failed to properly investigate Plaintiff's disputes.

70.     Plaintiff alleges that at all relevant times Defendant Experian failed to maintain and failed to follow reasonable procedures to assure maximum possible accuracy of his credit report with regard to the accounts in question in violation of 15 U.S.C. § 1681e(b).

71.     Plaintiff alleges that all Defendants failed to conduct a proper, reasonable and lawful investigation and/or reinvestigation as well as provide a proper consumer disclosure in violation of 15 U.S.C. § 1681i. All Defendants were given notice the suit was dismissed with prejudice but apparently failed to review the court file, contact the District Court, and/or contact counsel for Defendant Palisades and/or other proper and reasonable measures.

72.     All actions taken by the Defendants were done willfully, with malice, and were done with either the desire to harm Plaintiff and/or with the knowledge that their actions would very likely harm Plaintiff and/or that their actions were in violation of the FCRA and state law and/or that

knew or should have known that their actions were in reckless disregard of the FCRA and/or state law.

73.     All Defendants violations of the FCRA proximately caused the injuries and damages set forth in this Complaint.

WHEREFORE, Plaintiff demands judgment against all Defendants, jointly and severally, for statutory, actual, compensatory and/or punitive damages, and attorneys' fees in the amount of $50,000, exclusive of interest from the date of injury and the costs and expenses of this proceeding.

## COUNT III

## DEFAMATION

74.     All paragraphs of this Complaint are expressly adopted and incorporated by reference as if fully set forth herein.

75.     Defendant Palisades published false information about Plaintiff by reporting to one or more of the Consumer Reporting Agencies (CRAs) the account merely showing it as being "disputed".

76.     Each time the credit reports of Plaintiff were accessed, a new publication occurred, which was the result intended by the Defendant.

77.     Plaintiff alleges that the publications and defamations were done maliciously, without privilege, and with a willful intent to injure Plaintiff.

78.     Plaintiff has been damaged as a proximate result of Defendant Palisades's wrongful conduct as set forth in this Complaint.

WHEREFORE, Plaintiff demands judgment against Defendant Palisades for compensatory and punitive damages in the amount of $50,000, exclusive of interest from the date of injury and the costs and expenses of this proceeding.

## COUNT IV

## INVASION OF PRIVACY

79.     All paragraphs of this Complaint are expressly adopted and incorporated by reference as if fully set forth herein.

80.     Defendant Palisades recklessly, intentionally, and/or willfully invaded the privacy of Plaintiff as set forth in Alabama law, including publishing false information about Plaintiff's personal financial obligations and refusing to properly update the credit reports as described in this Complaint.

81.     Plaintiff has been damaged as a proximate result of Defendant Palisades's wrongful conduct as set forth in this Complaint.

WHEREFORE, Plaintiff demands judgment against Defendant Palisades for compensatory and punitive damages in the amount of $50,000, exclusive of interest from the date of injury and the costs and expenses of this proceeding.

## COUNT V

## NEGLIGENT, RECKLESS, WANTON, MALICIOUS AND/OR INTENTIONAL CONDUCT

82.     All paragraphs of this Complaint are expressly adopted and incorporated by reference as if fully set forth herein.

83.     Defendant Palisades has a duty under Alabama law, and also assumed a duty through the subscriber agreement with the CRAs, to accurately report the account of Plaintiff.

84.     Defendant Palisades has agreed to follow and understands it must follow the requirements of the FCRA.

85.     Defendant Palisades has a duty under Alabama law to act reasonably under

the circumstances.

86.     Defendant Palisades has violated this duty under Alabama law by failing to accurately report Plaintiff's account to the credit reporting agencies.

87.     Defendant Palisades violated its duties to Plaintiff and such violations were made intentionally, recklessly, wantonly, maliciously, and/or negligently as Defendant refused to comply with all the duties Defendant had.

88.     Defendant Experian violated their duties to Plaintiff and such violations were made intentionally, recklessly, wantonly, maliciously, and/or negligently as these Defendants refused to comply with all the duties these Defendants had or owed to Plaintiff.

89.     Plaintiff has been damaged as a proximate result of all Defendants' wrongful conduct as set forth in this Complaint.

WHEREFORE, Plaintiff demands judgment against all Defendants, jointly and severally, for statutory, actual, compensatory and/or punitive damages, and attorneys' fees in the amount of $50,000, exclusive of interest from the date of injury and the costs and expenses of this proceeding.

_s/Wesley L. Phillips_
Wesley L. Phillips (PHI053)
Attorney for Plaintiff

OF COUNSEL:
PHILLIPS LAW GROUP, LLC
Post Office Box 130488
Birmingham, Alabama 35213-0488
Telephone: (205) 383-3585
Facsimile: (800) 536-0385
Email: wlp@wphillipslaw.com

**PLAINTIFF DEMANDS A TRIAL BY JURY IN THIS MATTER .**

s/Wesley L. Phillips
OF COUNSEL

Plaintiff's Address:
Stephen P. Preston
177 Creekstone Trail
Calera, Alabama 35040

## PLEASE SERVE SUMMONS AND COMPLAINT BY CERTIFIED MAIL AS FOLLOWS:

Palisades Collection, LLC
c/o The Corporation Company
2000 Interstate Park Drive, Suite 204
Montgomery, Alabama 36109

Experian Information Solutions, Inc.
c/o The Corporation Company
2000 Interstate Park Drive, Suite 204
Montgomery, Alabama 36109



ELECTRONICALLY FILED
2/10/2010 5:39 PM
CV-2010-900125.00
CIRCUIT COURT OF
SHELBY COUNTY, ALABAMA
MARY HARRIS, CLERK

## IN THE CIRCUIT COURT OF SHELBY COUNTY, ALABAMA

| | | |
|---|---|---|
| STEPHEN P. PRESTON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| | ) | |
| vs. | ) | Case No.: _____ |
| | ) | |
| PALISADES COLLECTION, LLC, | ) | |
| a corporation; | ) | |
| EXPERIAN INFORMATION SOLUTIONS, | ) | |
| INC., a corporation; and | ) | |
| | ) | |
| Defendants. | ) | |

### SUMMONS

This service of this summons is initiated upon the written request of Plaintiff's attorney pursuant to the Alabama Rules of Civil Procedure.

NOTICE TO:        **Palisades Collection, LLC**
**c/o The Corporation Company**
**2000 Interstate Park Drive, Suite 204**
**Montgomery, Alabama 36109**

The Complaint which is attached to this summons is important and you must take immediate action to protect your rights.  You are required to mail or hand deliver a copy of a written answer, either admitting or denying each allegation in the Complaint to **PHILLIPS LAW GROUP**, Attorneys for the Plaintiffs, P.O. Box 130488, Birmingham, Alabama 35213. **THIS ANSWER MUST BE MAILED OR DELIVERED WITHIN THIRTY (30) DAYS FROM THE DATE OF THE DELIVERY OF THIS SUMMONS AND COMPLAINT OR A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT.** You must also file the original of your Answer with the Clerk of this Court within a reasonable time afterward. The Clerk's address is: Circuit Clerk of Shelby County, P.O. Box 1810, Columbiana, Alabama 35051.


_____
Clerk of Court

Dated: _____



ELECTRONICALLY FILED
2/10/2010 5:39 PM
CV-2010-900125.00
CIRCUIT COURT OF
SHELBY COUNTY, ALABAMA
MARY HARRIS, CLERK

## IN THE CIRCUIT COURT OF SHELBY COUNTY, ALABAMA

**STEPHEN P. PRESTON,**                )
                                       )
     **Plaintiff,**                    )
                                       )
                                       )
**vs.**                                )    **Case No.:** _____
                                       )
**PALISADES COLLECTION, LLC,**         )
**a corporation;**                     )
**EXPERIAN INFORMATION SOLUTIONS,**    )
**INC., a corporation; and**           )
                                       )
     **Defendants.**                   )

### SUMMONS

This service of this summons is initiated upon the written request of Plaintiff's attorney pursuant to the Alabama Rules of Civil Procedure.

**NOTICE TO:**       **Experian Information Solutions, Inc.**
                       **c/o The Corporation Company**
                       **2000 Interstate Park Drive, Suite 204**
                       **Montgomery, Alabama 36109**

The Complaint which is attached to this summons is important and you must take immediate action to protect your rights. You are required to mail or hand deliver a copy of a written answer, either admitting or denying each allegation in the Complaint to **PHILLIPS LAW GROUP**, Attorneys for the Plaintiffs, P.O. Box 130488, Birmingham, Alabama 35213. **THIS ANSWER MUST BE MAILED OR DELIVERED WITHIN THIRTY (30) DAYS FROM THE DATE OF THE DELIVERY OF THIS SUMMONS AND COMPLAINT OR A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT.** You must also file the original of your Answer with the Clerk of this Court within a reasonable time afterward. The Clerk's address is: Circuit Clerk of Shelby County, P.O. Box 1810, Columbiana, Alabama 35051.

                                     _____

                                        Clerk of Court

Dated: _____



ELECTRONICALLY FILED
2/10/2010 5:39 PM
CV-2010-900125.00
CIRCUIT COURT OF
SHELBY COUNTY, ALABAMA
MARY HARRIS, CLERK

## IN THE CIRCUIT COURT OF SHELBY COUNTY, ALABAMA

| | |
|---|---|
| **STEPHEN P. PRESTON,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| ) | |
| **vs.** ) | **Case No.:** _____ |
| ) | |
| **PALISADES COLLECTION, LLC,** ) | |
| **a corporation;** ) | |
| **EXPERIAN INFORMATION SOLUTIONS,** ) | |
| **INC., a corporation; and** ) | |
| ) | |
| **Defendants.** ) | |

### PLAINTIFF'S FIRST INTERROGATORIES, REQUEST FOR ADMISSIONS, AND REQUEST FOR PRODUCTION TO DEFENDANT PALISADES COLLECTION, LLC

COMES NOW Plaintiff Stephen P. Preston, by and through his undersigned counsel, and

hereby requests that Defendant Palisades Collection, LLC (hereinafter, collectively, "you,"

"your," and/or "this Defendant"), answer the following interrogatories and requests for

production of documents within the time required by the Alabama Rules of Civil Procedure. In

addition, Plaintiff requests that Defendant attach a copy of each and every document referred to

in any of the interrogatories or in these Defendant's responses thereto or that this Defendant state

the date and time the said documents will be produced for inspection and copying at the offices

of Plaintiff's attorney.

**NOTE:** These interrogatories shall be deemed continuing so as to require supplemental

answers upon receipt of additional information subsequent to its original response.

**I.     INTERROGATORIES:**

1.      State whether this Defendant's name correctly is stated in the complaint filed in this case. If not, state the correct way this defendant should be designated as a party defendant in the named action at the time of occurrence made the basis of this lawsuit and at the time of response to these interrogatories.

**RESPONSE:**

2.      State the corporate history of this Defendant, including the date and place of incorporation; whether it is qualified to do business in the State of Alabama, and, if so, the date first qualified; the address of its principal place of business; and the full names of any and all subsidiaries, divisions, sister corporations, parent corporations, successors, assigns and other like entities.

        a.      State the address of all business locations of this Defendant;

        b.      Describe the nature of this Defendant's business.

**RESPONSE:**

3.      Identify the names, addresses, and telephone numbers of all persons who were witness to or who have personal knowledge of any of the facts, events, or matters that are alleged in Plaintiff's complaint, your answer, anticipated answer and/or defenses thereto and describe and explain your understanding of the matters on which the persons named have knowledge. In addition to identifying said individuals as specified in the instructions above, please include the following:

(a) Please state whether each such person is affiliated with, or related to, or employed by any party (or its agents, servants, officers, or employees) to this lawsuit;

(b) If any of the persons so listed in response to this interrogatory do not fit the characterization in subpart (a) above, please describe the nature of their involvement in this lawsuit;

(c) Please explain and describe your understanding of their knowledge of such facts.

**RESPONSE:**


4.    Identify all correspondence or documents that refer or relate to any correspondence or communication between you and any other defendant in this action, relating or referring to the Plaintiff, facts, acts, events, or matters alleged in Plaintiff's complaint, or your answer, anticipated answer and/or defenses thereto.

**RESPONSE:**


5.    State your policies and procedures and identify the name or title of said policy and procedure as well as any and all manuals, reference books, of memorandums by whatever name called, designed to assure the maximum possible accuracy of the information in your database and that such information is accurately reported to the credit reporting agencies, including Equifax, Experian, and Trans Union.

**RESPONSE:**


6.    For each request for admission to which you did not give an unqualified

"admitted," please state in detail the basis for each such refusal to admit and identify all documents which relate to your refusal to admit.

**RESPONSE:**

7.    Explain in detail why you pulled Plaintiff's credit reports.

**RESPONSE:**

8.    What is your policy and procedure for pulling credit reports? Identify and produce all related documents, including memos, emails, policy and procedure books or guidelines, etc.

**RESPONSE:**

9.    Identify all documents in your possession that you claim are privileged, identifying the types of documents, dates of documents, subject matter of the documents, authors and recipients of the documents, and the applicable privilege.

**RESPONSE:**

10.     State the name and address of each and every witness expected to be called at the trial of this action.

**RESPONSE:**

11.     State how many credit reports of consumers in Alabama you pulled in 2008 and how many you pulled in 2009.

**RESPONSE:**

12.     For each affirmative defense identify all documents, facts, or witnesses that support each such defense.

**RESPONSE:**

13.     State the name and address of each and every expert witness expected to be called at the trial of this action. Include in your answers any and all opinions, and the basis for such opinions, upon which each and every expert will be called to testify and the qualifications of each expert.

**RESPONSE:**

14.     State your policies and procedures and identify the name or title of said policy and procedure as well as any and all manuals, reference books, of memorandums by whatever name called, for the purpose of conducting a proper and reasonable investigation or re-investigation of a consumer dispute in compliance with the FCRA.

**RESPONSE:**

## II.    PLAINTIFF'S FIRST REQUEST FOR ADMISSIONS

1.     Admit or deny that Plaintiff did not give you permission to pull Plaintiff's credit reports.

**RESPONSE:**

2.     Admit or deny you told Equifax, Experian, and/or Trans Union that Plaintiff had given you permission to pull his reports.

**RESPONSE:**

3.     Admit or deny that you knew that pulling Plaintiff's credit reports would adversely affect Plaintiff's credit worthiness.

**RESPONSE:**

## III.    REQUESTS FOR PRODUCTION OF DOCUMENTS

1.     Please produce all documents evidencing, relating, referencing, and/or involving communications between you and any of the other defendants which regarded or in any way referenced Plaintiff and/or any of Plaintiff's personal identifiers.

2.     Produce all documents that reference, relate, and/or refer in any way to the Plaintiff.

3.     Produce all documents evidencing, relating, referencing, involving and/or constituting communications between you and Plaintiff or anyone acting on or purporting to act on Plaintiff's behalf.

4.     Produce your policy manuals, procedure manuals, or other documents, which address your policies, practices or procedures in pulling credit reports during each of

the years: 1999, 2000, 2001, 2002, 2003, 2004, 2005, 2006, 2007, 2008 and 2009.

    5.    Produce your policy manuals, procedure manuals, or other documents, which reference, constitute, evidence, and/or duplicate the Fair Credit Reporting Act (or any part thereof) and its revisions or amendments provided to your employees, during each of the years: 1999, 2000, 2001, 2002, 2003, 2004, 2005, 2006, 2007, 2008 and 2009.

    6.    Produce your contract, documents, manuals or other recorded data, concerning your subscriber relationships with the other defendants and with any consumer reporting agency from which you pulled credit reports on Plaintiff.

    7.    Please produce your documents evidencing, referencing, constituting and/or containing your subscriber contracts, subscriber names, subscriber codes, personal identification numbers, reporting policies, means and procedures and/or access codes and specify what time periods such contracts, names, codes, personal identification numbers and/or access codes were used or made available to you by any party to this case.

    8.    Produce your documents which evidence, reference, relate, constitute and/or address your communications with Plaintiff or anyone acting on behalf of Plaintiff.

    9.    Produce your documents and/or correspondence in your, or your attorney's, possession that evidence, refer to, and/or relate to any facts which you believe may have any bearing upon this lawsuit or any defenses you have raised in this lawsuit, not to include letters between you and your attorney.

    10.    Produce copies of your documents evidencing, relating to, and/or referencing telephone messages, log books and/or other regularly maintained records by you which contain information about communications between you and Plaintiff and/or any other defendant in this action and/or any consumer reporting agency or furnisher or government bureau or any Better

Business Bureau.

11.     Produce any and all documents which evidence, relate, and/or refer in any manner
to the Plaintiff or any of Plaintiff's accounts.

12.     Produce any and all documents identified, relied upon or referred to by you in
your responses to Plaintiff's interrogatories.

s/Wesley L. Phillips
Wesley L. Phillips (PHI053)
Attorney for Plaintiff

OF COUNSEL:
PHILLIPS LAW GROUP, LLC
Post Office Box 130488
Birmingham, Alabama 35213
(205) 383-3585  - voice
(800) 536-0385 - facsimile

**PLEASE SERVE ALONG WITH THE SUMMONS AND COMPLAINT.**

ELECTRONICALLY FILED
2/10/2010 5:39 PM
CV-2010-900125.00
CIRCUIT COURT OF
SHELBY COUNTY, ALABAMA
MARY HARRIS, CLERK

## IN THE CIRCUIT COURT OF SHELBY COUNTY, ALABAMA

| | | |
|---|---|---|
| STEPHEN P. PRESTON, | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| | ) | |
| vs. | ) | Case No.: _____ |
| | ) | |
| PALISADES COLLECTION, LLC, | ) | |
| a corporation; | ) | |
| EXPERIAN INFORMATION SOLUTIONS, | ) | |
| INC., a corporation; and | ) | |
| | ) | |
| **Defendants.** | ) | |

## PLAINTIFF'S FIRST INTERROGATORIES, REQUEST FOR ADMISSIONS, AND REQUEST FOR PRODUCTION TO DEFENDANT EXPERIAN INFORMATION SOLUTIONS, INC.

COMES NOW Plaintiff Stephen P. Preston, by and through his undersigned counsel, and hereby requests that Defendant Experian Information Solutions, Inc. (hereinafter, collectively, "you," "your," and/or "this Defendant"), answer the following interrogatories and requests for production of documents within the time required by the Alabama Rules of Civil Procedure. In addition, Plaintiff requests that Defendant attach a copy of each and every document referred to in any of the interrogatories or in these Defendant's responses thereto or that this Defendant state the date and time the said documents will be produced for inspection and copying at the offices of Plaintiff's attorney.

**NOTE:** These interrogatories shall be deemed continuing so as to require supplemental answers upon receipt of additional information subsequent to its original response.

## I.     INTERROGATORIES:

1.     State whether this Defendant's name correctly is stated in the complaint filed in

this case. If not, state the correct way this defendant should be designated as a party defendant in the named action at the time of occurrence made the basis of this lawsuit and at the time of response to these interrogatories.

**RESPONSE:**

2.    State the corporate history of this Defendant, including the date and place of incorporation; whether it is qualified to do business in the State of Alabama, and, if so, the date first qualified; the address of its principal place of business; and the full names of any and all subsidiaries, divisions, sister corporations, parent corporations, successors, assigns and other like entities.

a.    State the address of all business locations of this Defendant;

b.    Describe the nature of this Defendant's business.

**RESPONSE:**

3.    Identify the names, addresses, and telephone numbers of all persons who were witness to or who have personal knowledge of any of the facts, events, or matters that are alleged in Plaintiff's complaint, your answer, anticipated answer and/or defenses thereto and describe and explain your understanding of the matters on which the persons named have knowledge. In addition to identifying said individuals as specified in the instructions above, please include the following:

(a) Please state whether each such person is affiliated with, or related to, or employed by any party (or its agents, servants, officers, or employees) to this lawsuit;

(b) If any of the persons so listed in response to this interrogatory do not fit the characterization in subpart (a) above, please describe the nature of their involvement in this lawsuit;

(c) Please explain and describe your understanding of their knowledge of such facts.

**RESPONSE:**

4.  Identify all correspondence or documents that refer or relate to any correspondence or communication between you and any other defendant in this action, as well as any potential credit grantors or mortgage grantors relating or referring to the Plaintiff, facts, acts, events, or matters alleged in Plaintiff's complaint, or your answer, anticipated answer and/or defenses thereto.

**RESPONSE:**

5.  Please state whether you received any requests from Defendant Palisades Collection, LLC related to pulling Plaintiff's credit reports in connection with your response, please identify the dates of such requests, the manner of the requests, the identifying data connected with the requests, and explain and describe the reasons you allowed Defendant Palisades Collection, LLC to have access to Plaintiff's credit reports.

**RESPONSE:**

6.  State your policies and procedures and identify the name or title of said policy and procedure as well as any and all manuals, reference books, of memorandums by whatever name

called, designed to assure the maximum possible accuracy of the information in your consumer credit database and consumer reports you issued and to ensure credit pulls are only allowed when the company desiring to make the pull has a permissible reason.

**RESPONSE:**

7.     If any document that is or would have been responsive to Plaintiff's Requests for Production of Documents to you was destroyed, lost, mislaid, or otherwise missing, identify the document, state the date of and reason for its destruction, and identify all persons having knowledge of its contents and/or the reason for its destruction.

**RESPONSE:**

8.     Identify all documents in your possession that you claim are privileged, identifying the types of documents, dates of documents, subject matter of the documents, authors and recipients of the documents, and the applicable privilege.

**RESPONSE:**

9.     If any document responsive to Plaintiff's Request for Production of Documents to you is withheld from production, identify each such document by date, title, subject matter, length and the request to which it is potentially responsive and state the reason for withholding production, and identify each person to whom the document was sent, shown, or made accessible, or to whom it was explained.

**RESPONSE:**

10.     Please list, explain and describe documents known to you or believed by you to exist concerning any of the events described in Plaintiff's complaint or concerning any of the events which are the subject(s) of any defense(s) you have raised to this lawsuit.

**RESPONSE:**

11.     If your answer to any Request for Admission is anything other than an unqualified "Admit," then explain in detail each and every reason for your answer to each Request for Admission that you did not give an unqualified admission, identifying all persons and documents.

**RESPONSE:**

12.     State the name and address of each and every witness expected to be called at the trial of this action.

**RESPONSE:**

13.     State the name and address of each and every expert witness expected to be called at the trial of this action. Include in your answers any and all opinions, and the basis for such opinions, upon which each and every expert will be called to testify and the qualifications of each expert.

**RESPONSE:**

14.     State the name, address, phone number, and employer of each and every person known by you to have any knowledge whatsoever of matters related, referencing, or pertaining to the events made the basis of this lawsuit.

**RESPONSE:**


15.     State whether, in the past ten years, you have been named a party defendant in any other lawsuit involving claims or allegations you violated the Fair Credit Reporting Act (15 U.S.C. §1681, et. seq.) with regard to properly conducting an investigation of a disputed account and/or improperly reporting accounts.  If so, state the name of the lawsuit, the civil action number and the court where the action was filed.

**RESPONSE:**


16.     State whether, in the past ten (10) years, you have been involved in any other legal action, either as a defendant or a plaintiff where allegations were raised concerning improper use of personal or financial data or credit report access issues were involved? If so, please state:

  a) The date and place each such action was filed identifying the other party or parties involved, the docket number of such actions, and the names of the attorneys representing each party;

  b) A description of the nature of each such action; and

  c) The result of each such action whether there was an appeal, and the result of the appeal, and whether such case was reported and the name, volume number, and page citation of the report.

**RESPONSE:**

17.    State and fully describe the maintenance of all procedures utilized by you to avoid violation of the Fair Credit Reporting Act, including, but not limited to, all documents regarding this Defendant's compliance or noncompliance with the FCRA.

**RESPONSE:**

18.    State your policies and procedures and identify the name or title of said policy and procedure as well as any and all manuals, reference books, of memorandums by whatever name called, for the purpose of conducting a proper and reasonable investigation or re-investigation of a consumer dispute in compliance with the FCRA.

**RESPONSE:**

## II.    PLAINTIFF'S FIRST REQUEST FOR ADMISSIONS

1.    Admit or deny that you followed all policies and procedures for allowing Defendant Palisades Collections, LLC to pull Plaintiff's credit reports.

**RESPONSE:**

2.    Admit or deny you intended that other persons or entities would see the credit pulls by Defendant Palisades Collections, LLC if such other persons or entities reviewed Plaintiff's credit report maintained by you.

**RESPONSE:**

3.    Admit or deny the credit pulls by Defendant Palisades Collections, LLC do not

improve Plaintiff's credit history.

**RESPONSE:**

    4.    Admit or deny the credit pulls by Defendant Palisades Collections, LLC lower

Plaintiff's credit score using your credit scoring formula.

**RESPONSE:**

    5.    Admit or deny you have not yet deleted the inquiries of Palisades Collections,

LLC from Plaintiff's credit reports.

**RESPONSE:**

    6.    Admit or deny you had not yet deleted the inquiries of Palisades Collections,

LLC from Plaintiff's credit reports as of the date this action was filed.

**RESPONSE:**

    7.    Admit or deny the Plaintiff does not have a choice on whether you will maintain a

credit report on him.

**RESPONSE:**

### III.   REQUESTS FOR PRODUCTION OF DOCUMENTS

    1.    Please produce all documents evidencing, relating to, and/or involving

communications between you and any of the other defendants, in which the communication in

any way referenced Plaintiff and/or any of Plaintiff's personal identifiers.

    2.    Produce each and every document that refers to the plaintiff.

    3.    Please produce all documents evidencing, relating to, and/or involving or

constituting communications between you and the plaintiff or anyone acting on or purporting to

act on the plaintiff's behalf.

4.    Please produce your policy manuals, procedure manuals, or other documents, which address your policies, practices or procedures in allowing credit pulls during each of the years:1999, 2000, 2001, 2002, 2003, 2004, 2005, 2006, 2007, 2008, and 2009.

5.    Please produce your policy manuals, procedure manuals, or other documents, which reference, constitute or duplicate the Fair Credit Reporting Act (or any part thereof) and its revisions or amendments provided to your employees, during each of the years: 1999, 2000, 2001, 2002, 2003, 2004, 2005, 2006, 2007, 2008 and 2009.

6.    Please produce your contract, documents, manuals, and/or all recorded data in whatever medium or form concerning your subscriber relationships with all other defendants.

7.    Please provide a complete audit trail of any document(s), computer(s), or other data held by you which indicate, address, and/or discuss modifying and/or amending any information regarding Plaintiff reported by you.

8.    Please produce your documents evidencing, relating, referencing, constituting and/or containing your subscriber contracts, subscriber names, subscriber codes, personal identification numbers, reporting policies, means and procedures and/or access codes and specify what time periods such contracts, names, codes, personal identification numbers and/or access codes were used or made available to you by any party to this case.

9.    Please produce your documents which evidence, relate, reference, constitute and/or address your communications with Plaintiff or anyone acting on behalf of Plaintiff.

10.    Please produce all documents and/or correspondence in your, or your attorney's, possession that refer to or relate to any facts which you believe may have any bearing upon this lawsuit or any defenses you have raised in this lawsuit, not to include any privileged letters between you and your attorney.

11.     Please produce copies of your documents evidencing, relating, referencing, constituting and/or containing telephone messages, log books or other regularly maintained records by you which contain information about communications between you and Plaintiff and/or any other defendant in this action and/or any consumer reporting agency or furnisher or government bureau or any Better Business Bureau.

12.     Please produce all documents in your custody, control, or possession evidencing, relating, referencing, constituting and/or which refer in any manner to Plaintiff or any of Plaintiff's accounts.

13.     Please produce any and all documents identified, relied upon, and/or referred to by you in your responses to Plaintiff's interrogatories.

s/Wesley L. Phillips
Wesley L. Phillips (PHI053)
Attorney for Plaintiff

OF COUNSEL:
PHILLIPS LAW GROUP, LLC
Post Office Box 130488
Birmingham,  Alabama 35213
(205) 383-3585  - voice
(800) 536-0385 - facsimile

**PLEASE SERVE ALONG WITH THE SUMMONS AND COMPLAINT.**



**MARY H. HARRIS**
CIRCUIT CLERK, SHELBY COUNTY
P.O. BOX 1810
COLUMBIANA, ALABAMA 35051



CERTIFIED MAIL

7009 1680 0000 7264 2242

11.50

Palisades Collection, LLC
2000 Interstate Park Dr. Ste 204
Montgomery, AL 36109



# EXHIBIT B

## Case Action Summary - 58CV201090012500

| Date: | Time | Code | Comments | Operator |
|-------|------|------|----------|----------|
| 02/10/2010 | 5:39:32 | EFILE | COMPLAINT E-FILED. | PHI053 |
| 02/10/2010 | 5:40:24 | FILE | FILED THIS DATE: 02/10/2010          (AV01) | AJA |
| 02/10/2010 | 5:40:25 | EORD | E-ORDER FLAG SET TO "N"          (AV01) | AJA |
| 02/10/2010 | 5:40:26 | ASSJ | ASSIGNED TO JUDGE: HUB B HARRINGTON          (AV01) | AJA |
| 02/10/2010 | 5:40:27 | SCAN | CASE SCANNED STATUS SET TO: N          (AV01) | AJA |
| 02/10/2010 | 5:40:28 | TDMJ | JURY TRIAL REQUESTED          (AV01) | AJA |
| 02/10/2010 | 5:40:29 | STAT | CASE ASSIGNED STATUS OF: ACTIVE          (AV01) | AJA |
| 02/10/2010 | 5:40:30 | ORIG | ORIGIN: INITIAL FILING          (AV01) | AJA |
| 02/10/2010 | 5:40:31 | C001 | C001 PARTY ADDED: PRESTON STEPHEN P          (AV02) | AJA |
| 02/10/2010 | 5:40:32 | ATTY | LISTED AS ATTORNEY FOR C001: PHILLIPS WESLEY LEVO | AJA |
| 02/10/2010 | 5:40:33 | EORD | C001 E-ORDER FLAG SET TO "N"          (AV02) | AJA |
| 02/10/2010 | 5:40:36 | D001 | D001 PARTY ADDED: PALISADES COLLECTION, LLC (AV02) | AJA |
| 02/10/2010 | 5:40:37 | ATTY | LISTED AS ATTORNEY FOR D001: PRO SE          (AV02) | AJA |
| 02/10/2010 | 5:40:38 | SUMM | CERTIFIED MAI ISSUED: 02/10/2010 TO D001          (AV02) | AJA |
| 02/10/2010 | 5:40:39 | EORD | D001 E-ORDER FLAG SET TO "N"          (AV02) | AJA |
| 02/10/2010 | 5:40:41 | D002 | D002 PARTY ADDED: EXPERIAN INFORMATION SOLUTIONS, | AJA |
| 02/10/2010 | 5:40:42 | ATTY | LISTED AS ATTORNEY FOR D002: PRO SE          (AV02) | AJA |
| 02/10/2010 | 5:40:43 | SUMM | CERTIFIED MAI ISSUED: 02/10/2010 TO D002          (AV02) | AJA |
| 02/10/2010 | 5:40:44 | EORD | D002 E-ORDER FLAG SET TO "N"          (AV02) | AJA |
| 02/10/2010 | 5:41:07 | EFILE | COMPLAINT - SUMMONS | |
| 02/19/2010 | 12:00:00 | ---- | SCANNED - SUMMONS ISSUED - PRESTON STEPHEN P:  ISS BY CERT MAIL | |
| 02/19/2010 | 3:41:59 | SUMM | CERTIFIED MAI ISSUED: 02/19/2010 TO D001          (AV02) | REC |
| 02/19/2010 | 3:42:08 | SUMM | CERTIFIED MAI ISSUED: 02/19/2010 TO D002          (AV02) | REC |
| 03/24/2010 | 8:42:17 | ESERC | SERVICE RETURN - TRANSMITTAL | |
| 03/24/2010 | 8:43:08 | ESERC | SERVICE RETURN - TRANSMITTAL | |
| 03/24/2010 | 8:43:21 | SERC | SERVICE OF CERTIFIED MAI ON 02/24/2010 FOR D001 | AJA |



ELECTRONICALLY FILED
2/10/2010 5:39 PM
CV-2010-900125.00
CIRCUIT COURT OF
SHELBY COUNTY, ALABAMA
MARY HARRIS, CLERK

## IN THE CIRCUIT COURT OF SHELBY COUNTY, ALABAMA

| | | |
|---|---|---|
| **STEPHEN P. PRESTON,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| | ) | |
| **vs.** | ) | **Case No.:** _____ |
| | ) | |
| **PALISADES COLLECTION, LLC,** | ) | |
| **a corporation;** | ) | |
| **EXPERIAN INFORMATION SOLUTIONS,** | ) | |
| **INC., a corporation; and** | ) | |
| | ) | |
| **Defendants.** | ) | |

### COMPLAINT

COMES NOW Plaintiff, by and through counsel, in the above styled cause, and for

Plaintiff's Complaint against the Defendants states as follows:

### PARTIES

1.     Plaintiff Stephen P. Preston is a resident of Shelby County, over 19 years of age, and

is competent to bring this action.

2.     Defendant Palisades Collection, LLC (hereinafter "Palisades") is registered in

Delaware with its principal place of business located in Englewood Cliffs, New Jersey and was doing

business in Shelby County, Alabama at all times material to this Complaint.

3.     Defendant Experian Information Solutions, Inc. (hereinafter "Experian") is an

Ohio corporation with its principal place of business located in Orange, California and was doing

business in Shelby County, Alabama at all times material to this Complaint.

### FACTUAL ALLEGATIONS

4.     In March, 2009, Defendant Palisades sued Plaintiff in the District Court of Shelby

County, Alabama, with a case number of DV-2009-244.

5.    Plaintiff answered lawsuit numbered DV-2009-244 filed by Defendant Palisades on April 29, 2009.

6.    In this suit, Defendant Palisades asserted it was the owner of a certain debt it that was allegedly owed by Plaintiff in the amount of $4,152.76.

7.    Defendant Palisades asserted it was owed the amount of $4,152.76 based on the theories of contract, open account, and account stated for its recovery against Plaintiff.

8.    In various correspondence Defendant Palisades claimed Plaintiff owed it $4,152.76.

9.    Plaintiff denied and disputed the debt.

10.    After being sued, Plaintiff timely filed an Answer denying the allegations claimed by Defendant Palisades.

11.    Counsel for Defendant Palisades requested a continuance of the July 6, 2009 trial date due to a conflict with other trials on that date.

12.    The District Court set the case for trial on August 24, 2009.  Notice was sent to Defendant Palisades and Plaintiff.

13.    On August 24, 2009, the Honorable John H. Alsbrooks, District Judge for Shelby County, entered an Order finding for Plaintiff and against Defendant Palisades in case number DV-2009-244.

14.    The verdict entered in favor of Plaintiff Stephen Preston and against Defendant Palisades by the District Court was a final adjudication on the merits, to which Defendant Palisades did not appeal within the time allowed, thus, making the judgment a final judgment from which an appeal no longer lies.

15.    Defendant Palisades is not the owner of this alleged debt.

16.     Defendant Palisades reported to the credit reporting agencies that Plaintiff owed this money and was in default.

17.     Plaintiff did not owe this money to Defendant Palisades.

18.     The debt being collected is a "consumer debt" as defined by the FDCPA.

19.     Plaintiff is a "consumer" as defined by the FDCPA and FCRA.

20.     Defendant Palisades is a "debt collector" as defined by the FDCPA.

21.     After the dismissal with prejudice by the District Court, Plaintiff sent a letter to Defendant Experian requesting an investigation of the account that still appeared on Plaintiff's credit reports with regard to Palisades and this account number.

22.     Plaintiff requested the accounts be deleted, as Plaintiff did not owe said account.

23.     Plaintiff requested  Defendants Experian to contact Defendant Palisades's attorney or the District Court to verify that Plaintiff had indeed won the lawsuit in order to determine that this account should be immediately deleted from his credit reports.

24.     No Defendant was concerned or cared about what the District Court did in the case as no Defendant had any intention of performing a reasonable investigation.

25.     In fact, no Defendant performed any type of reasonable investigation and/or re-investigation.

26.     Defendant Experian notified Defendant Palisades in accordance with the FCRA of the dispute by the Plaintiff.

27.     Alternatively, Defendant Experian did not properly notify Defendant Palisades and, as a part of this failure, did not include all relevant information provided by Plaintiff in its notification of Defendant Palisades.

28.     This includes notification that Plaintiff won the lawsuit in the District Court.

29.     All Defendants failed to properly investigate and/or re-investigate these disputes, and if Defendants had properly investigated, the accounts would have been deleted.

30.     On October 28, 2009, Defendant Experian issued an improper report stating the results of its investigation and re-investigation, Report number 1987555323.

31.     Report number 1987555323 shown only the Defendant Palisades account with account number "PALICHSARB1828...." as "Updated."

32.     Further, Report number 1987555323  states the consumer is to "review this report to learn its outcome."

33.     In the one page report containing only the Palisades trade line, Defendant Experian improperly, unreasonably, and inaccurately verified the Palisades account showing a balance of $4,152 as of October, 2009.

34.     The report of Defendant Experian to Plaintiff and the failure to properly and/or reasonably investigate and re-investigate by Defendant Experian following the entering of judgment against Defendant Palisades in the District Court case it brought against Plaintiff shows that all Defendants failed and willfully refused to conduct an adequate and reasonable investigation and/or re-investigation into Plaintiff's dispute.

35.     All Defendants were provided with more than sufficient information in the dispute and in their own internal sources of information (which includes the knowledge of Defendant Palisades through its District Court trial counsel that Plaintiff won the case at trial) to conduct an investigation and to conclude that the account complained of was being reported incorrectly.

36.     Defendant Experian has proclaimed in the past it was obligated to rely upon whatever the public records state about a consumer.

37.     For example, had Plaintiff not answered the District Court suit and a default

judgment had been entered, and Plaintiff disputed with the Consumer Reporting Agencies, Experian would have taken the position that they were bound by the state court judgment which says Plaintiff owes the money.

38.     Defendant Experian, however, refused to rely upon what the District Court judge actually rendered in this case, particularly, that Plaintiff Stephen Preston prevailed at trial on the merits.

39.     The verdict for Plaintiff means the Plaintiff does not owe the money claimed by Defendant Palisades; and the District Court's ruling was a final judgment.

40.     The dismissal with prejudice was not appealed to the Shelby County Circuit Court, and there is no avenue for appeal for Defendant Palisades of this judgment as the time to appeal has long since passed.

41.     Despite this knowledge, Defendant Experian has completely abdicated their obligations under federal and state law and have instead chosen to merely "parrot" whatever their customer, Defendant Palisades, has told them to say.

42.     Defendant and Experian has a policy to favor the paying customer, in this situation Defendant Palisades, rather than what the consumer or even a court says about a debt.

43.     The primary reason for this wrongful policy is that furnishers in general, and debt collectors specifically, provide enormous financial rewards to these Defendants.

44.     The importance of keeping balances on credit reports is that all the Defendants understand that one of the most powerful methods furnishers (and debt collectors) have to wrench payment from a consumer is by placing accounts with balances on the consumer's credit reports.

45.     Defendant Palisades has a policy and procedure to refuse to update credit reports of consumers, like Plaintiff, who do not owe the alleged debt. This practice and procedure keeps false

information on the credit report. The false information consists of a balance shown as owed when Defendant Palisades knows no balance is owed.

46.     Defendant Palisades promises through its subscriber agreements or contracts to accurately update accounts but Defendant Palisades has willfully, maliciously, recklessly, wantonly, and/or negligently failed to follow this requirement as well as the requirements set forth under the FCRA, FDCPA, and state law, which has resulted in the intended consequences of this information remaining on Plaintiff's credit reports.

47.     Defendant Palisades had a duty, and has a duty it assumed through the subscriber agreement and other actions, to accurately report the balances, and this duty was breached in a negligent, wanton, reckless, willful, intentional, and/or malicious manner.

48.     Defendant Palisades has a policy and/or practice to "park" its accounts on at least one of the consumer's credit reports. In the credit reporting industry, the term "park" means to keep a false balance (or false account) on the credit report so that the consumer will be forced to pay off the balance in order to obtain a refinancing or to qualify for a loan or to increase the consumer's credit score from the artificially lowered score which directly resulted from the Defendants' intentional and malicious conduct.

49.     In parking or allowing the parking of an account, all Defendants know they are violating their obligations and duties under federal and state law to accurately report the account and the balance.

50.     All Defendants know that parking a balance will lead to false and defamatory information being published every time the Plaintiff's credit report is accessed and this is the malicious and intentional design behind Defendants' actions with the goal to force the Plaintiff to pay on an account she does not owe.

51.     All Defendants maliciously, willfully, intentionally, recklessly, and/or negligently failed to review the information provided in the disputes and that was already in their files and to conduct a reasonable investigation and/or re-investigation into Plaintiff's disputes.

52.     At all relevant times the Defendant Experian failed to maintain and failed to follow reasonable procedures to assure maximum possible accuracy of Plaintiff's credit report and/or to conduct a reasonable and proper investigation and/or re-investigation and/or provide proper consumer disclosures, concerning the accounts in question, violating 15 U.S.C. §§ 1681e(b), 1681i and state law.

53.     Defendant Palisades failed to properly maintain and failed to follow reasonable procedures to assure maximum possible accuracy of Plaintiff's credit information and Plaintiff's credit report and/or to conduct a reasonable and proper investigation and/or re-investigation, concerning the account in question, thus violating state law and FDCPA as set forth in this Complaint. These violations occurred before, during, and after the dispute process began with the consumer reporting agencies.

54.     Defendant Palisades has taken aggressive actions in a continued effort to collect the alleged debt against Plaintiff. These actions include the continued reporting of the debt to third parties, including consumer-reporting agencies such as Experian, that Plaintiff owed the debt, that Plaintiff defaulted, and that the account was in collections.

55.     Defendant Experian has failed to maintain Plaintiff's accounts with maximum accuracy and all Defendants have failed to properly investigate and/or re-investigate the accounts in response to the disputes made by Plaintiff.

56.     The conduct of the Defendants has proximately caused Plaintiff past and future monetary loss, past and future damage to Plaintiff's credit and credit worthiness, past and future

mental distress and emotional anguish, and other damages that will be presented to the trier of fact.

57.     It is a practice of Defendant Palisades to maliciously, willfully, recklessly, wantonly and/or negligently ignore and refuse to follow the requirements of the FDCPA, FCRA, and state law.

58.     It is a practice of Defendant Experian to maliciously willfully, recklessly, wantonly and/or negligently ignore and refuse to follow the requirements of the FCRA, and state law.

59.     All actions taken by employees, agents, servants, or representatives of any type for any and/or all Defendants were taken in the line and scope of such individuals (or entities') employment, agency or representation.

60.     All actions taken by any and/or all Defendants were done with malice, were done willfully, and were done with either the desire to harm Plaintiff and/or with the knowledge that their actions would very likely harm Plaintiff and/or that their actions were taken in violation of the FCRA and/or FDCPA and/or state law and/or that they knew or should have known that their actions were in reckless disregard of the FCRA and/or FDCPA and/or state law.

61.     All Defendants have engaged in a pattern and practice of wrongful and unlawful behavior with respect to Plaintiff's accounts and consumer reports and as such all Defendants are subject to punitive damages and statutory damages and all other appropriate measures to punish and deter similar future conduct by these Defendants and similar companies.


## COUNT I

## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
## 15 U.S.C. § 1692 et seq.

62.     All paragraphs of this Complaint are expressly adopted and incorporated by reference as if fully set forth herein.

63. Defendant Palisades violated the FDCPA in numerous ways, including, but not limited to the following:

      a.    Falsely reporting the debt on Plaintiff's credit reports with at least Experian, when Plaintiff does not owe the money;

      b.    Suing the Plaintiff when there was no basis to do so;

      c.    Continuing to assert the suit in state court when Defendant Palisades knew, or should have known, there was no basis for doing so;

      d.    Not informing the Plaintiff of the true amount that was allegedly owed by providing Plaintiff with different amounts regarding the same debt; and

      e.    Engaging in collection activities on a debt that Plaintiff does not owe and that Defendant Palisades is not entitled to collect upon.

64. The violations of the FDCPA by the Defendant Palisades is the proximate cause of Plaintiffs' injuries under the FDCPA due to Defendant Palisades's conduct which violated the FDCPA and caused Plaintiff's actual damages, statutory damages, costs, expenses, and attorneys' fees.

WHEREFORE, Plaintiff demands judgment against Defendant Palisades for statutory, actual, compensatory and/or punitive damages, and attorneys' fees in the amount of $50,000, exclusive of interest from the date of injury and the costs and expenses of this proceeding.

## COUNT II

## VIOLATIONS OF THE FAIR CREDIT REPORTING ACT
## 15 U.S.C. § 1681 et seq.

65. All paragraphs of this Complaint are expressly adopted and incorporated by

reference as if fully set forth herein.

66.      Defendant Experian is a "consumer reporting agency," as codified at 15 U.S.C. §
1681a(f).

67.      Defendant Palisades is an entity who, regularly and in the course of business,
furnishes information to one or more consumer reporting agencies about its transactions or
experiences with any consumer and therefore constitutes a "furnisher," as codified at 15 U.S.C. §
1681s-2.

68.      Plaintiff notified Defendant Experian directly of a dispute on the Defendant
Palisades's account's completeness and/or accuracy, as reported.

69.      The credit reporting agency failed to delete inaccurate information, reinserted
the information without following the FCRA, and/or failed to properly investigate Plaintiff's
disputes.

70.      Plaintiff alleges that at all relevant times Defendant Experian failed to maintain and
failed to follow reasonable procedures to assure maximum possible accuracy of his credit report with
regard to the accounts in question in violation of 15 U.S.C. § 1681e(b).

71.      Plaintiff alleges that all Defendants failed to conduct a proper, reasonable and lawful
investigation and/or reinvestigation as well as provide a proper consumer disclosure in violation of
15 U.S.C. § 1681i. All Defendants were given notice the suit was dismissed with prejudice but
apparently failed to review the court file, contact the District Court, and/or contact counsel for
Defendant Palisades and/or other proper and reasonable measures.

72.      All actions taken by the Defendants were done willfully, with malice, and were
done with either the desire to harm Plaintiff and/or with the knowledge that their actions would very
likely harm Plaintiff and/or that their actions were in violation of the FCRA and state law and/or that

knew or should have known that their actions were in reckless disregard of the FCRA and/or state law.

73.     All Defendants violations of the FCRA proximately caused the injuries and damages set forth in this Complaint.

WHEREFORE, Plaintiff demands judgment against all Defendants, jointly and severally, for statutory, actual, compensatory and/or punitive damages, and attorneys' fees in the amount of $50,000, exclusive of interest from the date of injury and the costs and expenses of this proceeding.

## COUNT III

## DEFAMATION

74.     All paragraphs of this Complaint are expressly adopted and incorporated by reference as if fully set forth herein.

75.     Defendant Palisades published false information about Plaintiff by reporting to one or more of the Consumer Reporting Agencies (CRAs) the account merely showing it as being "disputed".

76.     Each time the credit reports of Plaintiff were accessed, a new publication occurred, which was the result intended by the Defendant.

77.     Plaintiff alleges that the publications and defamations were done maliciously, without privilege, and with a willful intent to injure Plaintiff.

78.     Plaintiff has been damaged as a proximate result of Defendant Palisades's wrongful conduct as set forth in this Complaint.

WHEREFORE, Plaintiff demands judgment against Defendant Palisades for compensatory and punitive damages in the amount of $50,000, exclusive of interest from the date of injury and the costs and expenses of this proceeding.

## COUNT IV

## INVASION OF PRIVACY

79.     All paragraphs of this Complaint are expressly adopted and incorporated by reference as if fully set forth herein.

80.     Defendant Palisades recklessly, intentionally, and/or willfully invaded the privacy of Plaintiff as set forth in Alabama law, including publishing false information about Plaintiff's personal financial obligations and refusing to properly update the credit reports as described in this Complaint.

81.     Plaintiff has been damaged as a proximate result of Defendant Palisades's wrongful conduct as set forth in this Complaint.

WHEREFORE, Plaintiff demands judgment against Defendant Palisades for compensatory and punitive damages in the amount of $50,000, exclusive of interest from the date of injury and the costs and expenses of this proceeding.

## COUNT V

## NEGLIGENT, RECKLESS, WANTON, MALICIOUS AND/OR INTENTIONAL CONDUCT

82.     All paragraphs of this Complaint are expressly adopted and incorporated by reference as if fully set forth herein.

83.     Defendant Palisades has a duty under Alabama law, and also assumed a duty through the subscriber agreement with the CRAs, to accurately report the account of Plaintiff.

84.     Defendant Palisades has agreed to follow and understands it must follow the requirements of the FCRA.

85.     Defendant Palisades has a duty under Alabama law to act reasonably under

the circumstances.

86.     Defendant Palisades has violated this duty under Alabama law by failing to accurately report Plaintiff's account to the credit reporting agencies.

87.     Defendant Palisades violated its duties to Plaintiff and such violations were made intentionally, recklessly, wantonly, maliciously, and/or negligently as Defendant refused to comply with all the duties Defendant had.

88.     Defendant Experian violated their duties to Plaintiff and such violations were made intentionally, recklessly, wantonly, maliciously, and/or negligently as these Defendants refused to comply with all the duties these Defendants had or owed to Plaintiff.

89.     Plaintiff has been damaged as a proximate result of all Defendants' wrongful conduct as set forth in this Complaint.

WHEREFORE, Plaintiff demands judgment against all Defendants, jointly and severally, for statutory, actual, compensatory and/or punitive damages, and attorneys' fees in the amount of $50,000, exclusive of interest from the date of injury and the costs and expenses of this proceeding.


                                        __s/Wesley L. Phillips_____
                                        Wesley L. Phillips (PHI053)
                                        Attorney for Plaintiff

OF COUNSEL:
PHILLIPS LAW GROUP, LLC
Post Office Box 130488
Birmingham, Alabama 35213-0488
Telephone: (205) 383-3585
Facsimile:  (800) 536-0385
Email: wlp@wphillipslaw.com



**PLAINTIFF DEMANDS A TRIAL BY JURY IN THIS MATTER .**

s/Wesley L. Phillips
OF COUNSEL

Plaintiff's Address:
Stephen P. Preston
177 Creekstone Trail
Calera, Alabama 35040

## PLEASE SERVE SUMMONS AND COMPLAINT BY CERTIFIED MAIL AS FOLLOWS:

Palisades Collection, LLC
c/o The Corporation Company
2000 Interstate Park Drive, Suite 204
Montgomery, Alabama 36109

Experian Information Solutions, Inc.
c/o The Corporation Company
2000 Interstate Park Drive, Suite 204
Montgomery, Alabama 36109



ELECTRONICALLY FILED
2/10/2010 5:39 PM
CV-2010-900125.00
CIRCUIT COURT OF
SHELBY COUNTY, ALABAMA
MARY HARRIS, CLERK

## IN THE CIRCUIT COURT OF SHELBY COUNTY, ALABAMA

| | | |
|---|---|---|
| **STEPHEN P. PRESTON,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| | ) | |
| **vs.** | ) | **Case No.:** _____ |
| | ) | |
| **PALISADES COLLECTION, LLC,** | ) | |
| **a corporation;** | ) | |
| **EXPERIAN INFORMATION SOLUTIONS,** | ) | |
| **INC., a corporation; and** | ) | |
| | ) | |
| **Defendants.** | ) | |

### SUMMONS

This service of this summons is initiated upon the written request of Plaintiff's attorney pursuant to the Alabama Rules of Civil Procedure.

**NOTICE TO:**      **Palisades Collection, LLC**
**c/o The Corporation Company**
**2000 Interstate Park Drive, Suite 204**
**Montgomery, Alabama 36109**

The Complaint which is attached to this summons is important and you must take immediate action to protect your rights. You are required to mail or hand deliver a copy of a written answer, either admitting or denying each allegation in the Complaint to **PHILLIPS LAW GROUP**, Attorneys for the Plaintiffs, P.O. Box 130488, Birmingham, Alabama 35213. **THIS ANSWER MUST BE MAILED OR DELIVERED WITHIN THIRTY (30) DAYS FROM THE DATE OF THE DELIVERY OF THIS SUMMONS AND COMPLAINT OR A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT.** You must also file the original of your Answer with the Clerk of this Court within a reasonable time afterward. The Clerk's address is: Circuit Clerk of Shelby County, P.O. Box 1810, Columbiana, Alabama 35051.

_____
Clerk of Court

Dated: _____



ELECTRONICALLY FILED
2/10/2010 5:39 PM
CV-2010-900125.00
CIRCUIT COURT OF
SHELBY COUNTY, ALABAMA
MARY HARRIS, CLERK

## IN THE CIRCUIT COURT OF SHELBY COUNTY, ALABAMA

|  |  |  |
|---|---|---|
| **STEPHEN P. PRESTON,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| | ) | |
| **vs.** | ) | **Case No.:** _____ |
| | ) | |
| **PALISADES COLLECTION, LLC,** | ) | |
| **a corporation;** | ) | |
| **EXPERIAN INFORMATION SOLUTIONS,** | ) | |
| **INC., a corporation; and** | ) | |
| | ) | |
| **Defendants.** | ) | |

## PLAINTIFF'S FIRST INTERROGATORIES, REQUEST FOR ADMISSIONS, AND REQUEST FOR PRODUCTION TO DEFENDANT EXPERIAN INFORMATION SOLUTIONS, INC.

COMES NOW Plaintiff Stephen P. Preston, by and through his undersigned counsel, and

hereby requests that Defendant Experian Information Solutions, Inc. (hereinafter, collectively,

"you," "your," and/or "this Defendant"), answer the following interrogatories and requests for

production of documents within the time required by the Alabama Rules of Civil Procedure. In

addition, Plaintiff requests that Defendant attach a copy of each and every document referred to

in any of the interrogatories or in these Defendant's responses thereto or that this Defendant state

the date and time the said documents will be produced for inspection and copying at the offices

of Plaintiff's attorney.

**NOTE:**   These interrogatories shall be deemed continuing so as to require supplemental

answers upon receipt of additional information subsequent to its original response.

## I.   INTERROGATORIES:

1.   State whether this Defendant's name correctly is stated in the complaint filed in

this case. If not, state the correct way this defendant should be designated as a party defendant in the named action at the time of occurrence made the basis of this lawsuit and at the time of response to these interrogatories.

**RESPONSE:**

2.     State the corporate history of this Defendant, including the date and place of incorporation; whether it is qualified to do business in the State of Alabama, and, if so, the date first qualified; the address of its principal place of business; and the full names of any and all subsidiaries, divisions, sister corporations, parent corporations, successors, assigns and other like entities.

a.     State the address of all business locations of this Defendant;

b.     Describe the nature of this Defendant's business.

**RESPONSE:**

3.     Identify the names, addresses, and telephone numbers of all persons who were witness to or who have personal knowledge of any of the facts, events, or matters that are alleged in Plaintiff's complaint, your answer, anticipated answer and/or defenses thereto and describe and explain your understanding of the matters on which the persons named have knowledge. In addition to identifying said individuals as specified in the instructions above, please include the following:

(a) Please state whether each such person is affiliated with, or related to, or employed by any party (or its agents, servants, officers, or employees) to this lawsuit;

(b) If any of the persons so listed in response to this interrogatory do not fit the characterization in subpart (a) above, please describe the nature of their involvement in this lawsuit;

(c) Please explain and describe your understanding of their knowledge of such facts.

**RESPONSE:**

4.      Identify all correspondence or documents that refer or relate to any correspondence or communication between you and any other defendant in this action, as well as any potential credit grantors or mortgage grantors relating or referring to the Plaintiff, facts, acts, events, or matters alleged in Plaintiff's complaint, or your answer, anticipated answer and/or defenses thereto.

**RESPONSE:**

5.      Please state whether you received any requests from Defendant Palisades Collection, LLC related to pulling Plaintiff's credit reports in connection with your response, please identify the dates of such requests, the manner of the requests, the identifying data connected with the requests, and explain and describe the reasons you allowed Defendant Palisades Collection, LLC to have access to Plaintiff's credit reports.

**RESPONSE:**

6.      State your policies and procedures and identify the name or title of said policy and procedure as well as any and all manuals, reference books, of memorandums by whatever name

called, designed to assure the maximum possible accuracy of the information in your consumer

credit database and consumer reports you issued and to ensure credit pulls are only allowed when

the company desiring to make the pull has a permissible reason.

**RESPONSE:**

7.     If any document that is or would have been responsive to Plaintiff's Requests for

Production of Documents to you was destroyed, lost, mislaid, or otherwise missing, identify the

document, state the date of and reason for its destruction, and identify all persons having

knowledge of its contents and/or the reason for its destruction.

**RESPONSE:**

8.     Identify all documents in your possession that you claim are privileged,

identifying the types of documents, dates of documents, subject matter of the documents, authors

and recipients of the documents, and the applicable privilege.

**RESPONSE:**

9.     If any document responsive to Plaintiff's Request for Production of Documents to

you is withheld from production, identify each such document by date, title, subject matter,

length and the request to which it is potentially responsive and state the reason for withholding

production, and identify each person to whom the document was sent, shown, or made

accessible, or to whom it was explained.

**RESPONSE:**

10.     Please list, explain and describe documents known to you or believed by you to exist concerning any of the events described in Plaintiff's complaint or concerning any of the events which are the subject(s) of any defense(s) you have raised to this lawsuit.

**RESPONSE:**

11.     If your answer to any Request for Admission is anything other than an unqualified "Admit," then explain in detail each and every reason for your answer to each Request for Admission that you did not give an unqualified admission, identifying all persons and documents.

**RESPONSE:**

12.     State the name and address of each and every witness expected to be called at the trial of this action.

**RESPONSE:**

13.     State the name and address of each and every expert witness expected to be called at the trial of this action. Include in your answers any and all opinions, and the basis for such opinions, upon which each and every expert will be called to testify and the qualifications of each expert.

**RESPONSE:**

14.     State the name, address, phone number, and employer of each and every person known by you to have any knowledge whatsoever of matters related, referencing, or pertaining to the events made the basis of this lawsuit.

**RESPONSE:**


15.     State whether, in the past ten years, you have been named a party defendant in any other lawsuit involving claims or allegations you violated the Fair Credit Reporting Act (15 U.S.C. §1681, et. seq.) with regard to properly conducting an investigation of a disputed account and/or improperly reporting accounts.  If so, state the name of the lawsuit, the civil action number and the court where the action was filed.

**RESPONSE:**


16.     State whether, in the past ten (10) years, you have been involved in any other legal action, either as a defendant or a plaintiff where allegations were raised concerning improper use of personal or financial data or credit report access issues were involved? If so, please state:

a) The date and place each such action was filed identifying the other party or parties involved, the docket number of such actions, and the names of the attorneys representing each party;

b) A description of the nature of each such action; and

c) The result of each such action whether there was an appeal, and the result of the appeal, and whether such case was reported and the name, volume number, and page citation of the report.

**RESPONSE:**

17.     State and fully describe the maintenance of all procedures utilized by you to avoid violation of the Fair Credit Reporting Act, including, but not limited to, all documents regarding this Defendant's compliance or noncompliance with the FCRA.

**RESPONSE:**

18.     State your policies and procedures and identify the name or title of said policy and procedure as well as any and all manuals, reference books, of memorandums by whatever name called, for the purpose of conducting a proper and reasonable investigation or re-investigation of a consumer dispute in compliance with the FCRA.

**RESPONSE:**

## II.     PLAINTIFF'S FIRST REQUEST FOR ADMISSIONS

1.     Admit or deny that you followed all policies and procedures for allowing Defendant Palisades Collections, LLC to pull Plaintiff's credit reports.

**RESPONSE:**

2.     Admit or deny you intended that other persons or entities would see the credit pulls by Defendant Palisades Collections, LLC if such other persons or entities reviewed Plaintiff's credit report maintained by you.

**RESPONSE:**

3.     Admit or deny the credit pulls by Defendant Palisades Collections, LLC do not

improve Plaintiff's credit history.

**RESPONSE:**

      4.      Admit or deny the credit pulls by Defendant Palisades Collections, LLC lower

Plaintiff's credit score using your credit scoring formula.

**RESPONSE:**

      5.      Admit or deny you have not yet deleted the inquiries of Palisades Collections,

LLC from Plaintiff's credit reports.

**RESPONSE:**

      6.      Admit or deny you had not yet deleted the inquiries of Palisades Collections,

LLC from Plaintiff's credit reports as of the date this action was filed.

**RESPONSE:**

      7.      Admit or deny the Plaintiff does not have a choice on whether you will maintain a

credit report on him.

**RESPONSE:**


**III.    REQUESTS FOR PRODUCTION OF DOCUMENTS**

      1.      Please produce all documents evidencing, relating to, and/or involving

communications between you and any of the other defendants, in which the communication in

any way referenced Plaintiff and/or any of Plaintiff's personal identifiers.

      2.      Produce each and every document that refers to the plaintiff.

      3.      Please produce all documents evidencing, relating to, and/or involving or

constituting communications between you and the plaintiff or anyone acting on or purporting to

act on the plaintiff's behalf.

4. Please produce your policy manuals, procedure manuals, or other documents, which address your policies, practices or procedures in allowing credit pulls during each of the years: 1999, 2000, 2001, 2002, 2003, 2004, 2005, 2006, 2007, 2008, and 2009.

5. Please produce your policy manuals, procedure manuals, or other documents, which reference, constitute or duplicate the Fair Credit Reporting Act (or any part thereof) and its revisions or amendments provided to your employees, during each of the years: 1999, 2000, 2001, 2002, 2003, 2004, 2005, 2006, 2007, 2008 and 2009.

6. Please produce your contract, documents, manuals, and/or all recorded data in whatever medium or form concerning your subscriber relationships with all other defendants.

7. Please provide a complete audit trail of any document(s), computer(s), or other data held by you which indicate, address, and/or discuss modifying and/or amending any information regarding Plaintiff reported by you.

8. Please produce your documents evidencing, relating, referencing, constituting and/or containing your subscriber contracts, subscriber names, subscriber codes, personal identification numbers, reporting policies, means and procedures and/or access codes and specify what time periods such contracts, names, codes, personal identification numbers and/or access codes were used or made available to you by any party to this case.

9. Please produce your documents which evidence, relate, reference, constitute and/or address your communications with Plaintiff or anyone acting on behalf of Plaintiff.

10. Please produce all documents and/or correspondence in your, or your attorney's, possession that refer to or relate to any facts which you believe may have any bearing upon this lawsuit or any defenses you have raised in this lawsuit, not to include any privileged letters between you and your attorney.

11.     Please produce copies of your documents evidencing, relating, referencing, constituting and/or containing telephone messages, log books or other regularly maintained records by you which contain information about communications between you and Plaintiff and/or any other defendant in this action and/or any consumer reporting agency or furnisher or government bureau or any Better Business Bureau.

12.     Please produce all documents in your custody, control, or possession evidencing, relating, referencing, constituting and/or which refer in any manner to Plaintiff or any of Plaintiff's accounts.

13.     Please produce any and all documents identified, relied upon, and/or referred to by you in your responses to Plaintiff's interrogatories.

                                           s/Wesley L. Phillips
                                           Wesley L. Phillips (PHI053)
                                           Attorney for Plaintiff

OF COUNSEL:
PHILLIPS LAW GROUP, LLC
Post Office Box 130488
Birmingham, Alabama 35213
(205) 383-3585 - voice
(800) 536-0385 - facsimile

**PLEASE SERVE ALONG WITH THE SUMMONS AND COMPLAINT.**



ELECTRONICALLY FILED
2/10/2010 5:39 PM
CV-2010-900125.00
CIRCUIT COURT OF
SHELBY COUNTY, ALABAMA
MARY HARRIS, CLERK

## IN THE CIRCUIT COURT OF SHELBY COUNTY, ALABAMA

| | | |
|---|---|---|
| STEPHEN P. PRESTON, | ) | |
| | ) | |
|    Plaintiff, | ) | |
| | ) | |
| | ) | |
| vs. | ) | Case No.: _____ |
| | ) | |
| PALISADES COLLECTION, LLC, | ) | |
| a corporation; | ) | |
| EXPERIAN INFORMATION SOLUTIONS, | ) | |
| INC., a corporation; and | ) | |
| | ) | |
|    Defendants. | ) | |

## PLAINTIFF'S FIRST INTERROGATORIES, REQUEST FOR ADMISSIONS, AND REQUEST FOR PRODUCTION TO DEFENDANT PALISADES COLLECTION, LLC

COMES NOW Plaintiff Stephen P. Preston, by and through his undersigned counsel, and hereby requests that Defendant Palisades Collection, LLC (hereinafter, collectively, "you," "your," and/or "this Defendant"), answer the following interrogatories and requests for production of documents within the time required by the Alabama Rules of Civil Procedure. In addition, Plaintiff requests that Defendant attach a copy of each and every document referred to in any of the interrogatories or in these Defendant's responses thereto or that this Defendant state the date and time the said documents will be produced for inspection and copying at the offices of Plaintiff's attorney.

**NOTE:** These interrogatories shall be deemed continuing so as to require supplemental answers upon receipt of additional information subsequent to its original response.

**I.**    **INTERROGATORIES:**

1.     State whether this Defendant's name correctly is stated in the complaint filed in this case. If not, state the correct way this defendant should be designated as a party defendant in the named action at the time of occurrence made the basis of this lawsuit and at the time of response to these interrogatories.

**RESPONSE:**

2.     State the corporate history of this Defendant, including the date and place of incorporation; whether it is qualified to do business in the State of Alabama, and, if so, the date first qualified; the address of its principal place of business; and the full names of any and all  subsidiaries, divisions, sister corporations, parent corporations, successors, assigns and other like entities.

      a.     State the address of all business locations of this Defendant;

      b.     Describe the nature of this Defendant's business.

**RESPONSE:**

3.     Identify the names, addresses, and telephone numbers of all persons who were witness to or who have personal knowledge of any of the facts, events, or matters that are alleged in Plaintiff's complaint, your answer, anticipated answer and/or defenses thereto and describe and explain your understanding of the matters on which the persons named have knowledge. In addition to identifying said individuals as specified in the instructions above, please include the following:

(a) Please state whether each such person is affiliated with, or related to, or employed by any party (or its agents, servants, officers, or employees) to this lawsuit;

(b) If any of the persons so listed in response to this interrogatory do not fit the characterization in subpart (a) above, please describe the nature of their involvement in this lawsuit;

(c) Please explain and describe your understanding of their knowledge of such facts.

**RESPONSE:**

4.      Identify all correspondence or documents that refer or relate to any correspondence or communication between you and any other defendant in this action, relating or referring to the Plaintiff, facts, acts, events, or matters alleged in Plaintiff's complaint, or your answer, anticipated answer and/or defenses thereto.

**RESPONSE:**

5.      State your policies and procedures and identify the name or title of said policy and procedure as well as any and all manuals, reference books, of memorandums by whatever name called, designed to assure the maximum possible accuracy of the information in your database and that such information is accurately reported to the credit reporting agencies, including Equifax, Experian, and Trans Union.

**RESPONSE:**

6.      For each request for admission to which you did not give an unqualified

"admitted," please state in detail the basis for each such refusal to admit and identify all documents which relate to your refusal to admit.

**RESPONSE:**

7.    Explain in detail why you pulled Plaintiff's credit reports.

**RESPONSE:**

8.    What is your policy and procedure for pulling credit reports? Identify and produce all related documents, including memos, emails, policy and procedure books or guidelines, etc.

**RESPONSE:**

9.    Identify all documents in your possession that you claim are privileged, identifying the types of documents, dates of documents, subject matter of the documents, authors and recipients of the documents, and the applicable privilege.

**RESPONSE:**

10.     State the name and address of each and every witness expected to be called at the trial of this action.

**RESPONSE:**


11.     State how many credit reports of consumers in Alabama you pulled in 2008 and how many you pulled in 2009.

**RESPONSE:**


12.     For each affirmative defense identify all documents, facts, or witnesses that support each such defense.

**RESPONSE:**


13.     State the name and address of each and every expert witness expected to be called at the trial of this action.  Include in your answers any and all opinions, and the basis for such opinions, upon which each and every expert will be called to testify and the qualifications of each expert.

**RESPONSE:**


14.     State your policies and procedures and identify the name or title of said policy and procedure as well as any and all manuals, reference books, of memorandums by whatever name called, for the purpose of conducting a proper and reasonable investigation or re-investigation of a consumer dispute in compliance with the FCRA.

**RESPONSE:**

## II.    PLAINTIFF'S FIRST REQUEST FOR ADMISSIONS

1.    Admit or deny that Plaintiff did not give you permission to pull Plaintiff's credit reports.

**RESPONSE:**

2.    Admit or deny you told Equifax, Experian, and/or Trans Union that Plaintiff had given you permission to pull his reports.

**RESPONSE:**

3.    Admit or deny that you knew that pulling Plaintiff's credit reports would adversely affect Plaintiff's credit worthiness.

**RESPONSE:**


## III.   REQUESTS FOR PRODUCTION OF DOCUMENTS

1.    Please produce all documents evidencing, relating, referencing, and/or involving communications between you and any of the other defendants which regarded or in any way referenced Plaintiff and/or any of Plaintiff's personal identifiers.

2.    Produce all documents that reference, relate, and/or refer in any way to the Plaintiff.

3.    Produce all documents evidencing, relating, referencing, involving and/or constituting communications between you and Plaintiff or anyone acting on or purporting to act on Plaintiff's behalf.

4.    Produce your policy manuals, procedure manuals, or other documents, which address your policies, practices or procedures in pulling credit reports during each of

the years: 1999, 2000, 2001, 2002, 2003, 2004, 2005, 2006, 2007, 2008 and 2009.

     5.    Produce your policy manuals, procedure manuals, or other documents, which reference, constitute, evidence, and/or duplicate the Fair Credit Reporting Act (or any part thereof) and its revisions or amendments provided to your employees, during each of the years: 1999, 2000, 2001, 2002, 2003, 2004, 2005, 2006, 2007, 2008 and 2009.

     6.    Produce your contract, documents, manuals or other recorded data, concerning your subscriber relationships with the other defendants and with any consumer reporting agency from which you pulled credit reports on Plaintiff.

     7.    Please produce your documents evidencing, referencing, constituting and/or containing your subscriber contracts, subscriber names, subscriber codes, personal identification numbers, reporting policies, means and procedures and/or access codes and specify what time periods such contracts, names, codes, personal identification numbers and/or access codes were used or made available to you by any party to this case.

     8.    Produce your documents which evidence, reference, relate, constitute and/or address your communications with Plaintiff or anyone acting on behalf of Plaintiff.

     9.    Produce your documents and/or correspondence in your, or your attorney's, possession that evidence, refer to, and/or relate to any facts which you believe may have any bearing upon this lawsuit or any defenses you have raised in this lawsuit, not to include letters between you and your attorney.

     10.    Produce copies of your documents evidencing, relating to, and/or referencing telephone messages, log books and/or other regularly maintained records by you which contain information about communications between you and Plaintiff and/or any other defendant in this action and/or any consumer reporting agency or furnisher or government bureau or any Better

Business Bureau.

11.     Produce any and all documents which evidence, relate, and/or refer in any manner

to the Plaintiff or any of Plaintiff's accounts.

12.     Produce any and all documents identified, relied upon or referred to by you in

your responses to Plaintiff's interrogatories.

            s/Wesley L. Phillips

Wesley L. Phillips (PHI053)
Attorney for Plaintiff

OF COUNSEL:
PHILLIPS LAW GROUP, LLC
Post Office Box 130488
Birmingham,  Alabama 35213
(205) 383-3585  - voice
(800) 536-0385 - facsimile

**PLEASE SERVE ALONG WITH THE SUMMONS AND COMPLAINT.**



ELECTRONICALLY FILED
2/10/2010 5:39 PM
CV-2010-900125.00
CIRCUIT COURT OF
SHELBY COUNTY, ALABAMA
MARY HARRIS, CLERK

## IN THE CIRCUIT COURT OF SHELBY COUNTY, ALABAMA

| | |
|---|---|
| STEPHEN P. PRESTON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| | ) |
| vs. | ) |
| | ) |
| PALISADES COLLECTION, LLC, | ) |
| a corporation; | ) |
| EXPERIAN INFORMATION SOLUTIONS, | ) |
| INC., a corporation; and | ) |
| | ) |
| Defendants. | ) |

Case No.: _____

## SUMMONS

This service of this summons is initiated upon the written request of Plaintiff's attorney pursuant to the Alabama Rules of Civil Procedure.

**NOTICE TO:**     **Experian Information Solutions, Inc.**
**c/o The Corporation Company**
**2000 Interstate Park Drive, Suite 204**
**Montgomery, Alabama 36109**

The Complaint which is attached to this summons is important and you must take immediate action to protect your rights. You are required to mail or hand deliver a copy of a written answer, either admitting or denying each allegation in the Complaint to **PHILLIPS LAW GROUP**, Attorneys for the Plaintiffs, P.O. Box 130488, Birmingham, Alabama 35213. **THIS ANSWER MUST BE MAILED OR DELIVERED WITHIN THIRTY (30) DAYS FROM THE DATE OF THE DELIVERY OF THIS SUMMONS AND COMPLAINT OR A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT.** You must also file the original of your Answer with the Clerk of this Court within a reasonable time afterward. The Clerk's address is: Circuit Clerk of Shelby County, P.O. Box 1810, Columbiana, Alabama 35051.

_____
Clerk of Court

Dated: _____

| State of Alabama<br>Unified Judicial System<br><br>Form ARCiv-93   Rev.5/99 | **COVER SHEET**<br>**CIRCUIT COURT - CIVIL CASE**<br>(Not For Domestic Relations Cases) | Case Number:<br>58-CV-201<br>Date of Filing:<br>02/10/2010 | ELECTRONICALLY FILED<br>2/10/2010 5:39 PM<br>CV-2010-900125.00<br>CIRCUIT COURT OF<br>SHELBY COUNTY, ALABAMA<br>MARY HARRIS, CLERK |
|---|---|---|---|

## GENERAL INFORMATION

### IN THE CIRCUIT OF SHELBY COUNTY, ALABAMA
### STEPHEN P PRESTON v. PALISADES COLLECTION, LLC ET AL

**First Plaintiff:** ☐ Business  ☑ Individual  ☐ Government  ☐ Other

**First Defendant:** ☑ Business  ☐ Individual  ☐ Government  ☐ Other

### NATURE OF SUIT:

**TORTS: PERSONAL INJURY**

- ☐ WDEA - Wrongful Death
- ☐ TONG - Negligence: General
- ☐ TOMV - Negligence: Motor Vehicle
- ☐ TOWA - Wantonnes
- ☐ TOPL - Product Liability/AEMLD
- ☐ TOMM - Malpractice-Medical
- ☐ TOLM - Malpractice-Legal
- ☐ TOOM - Malpractice-Other
- ☐ TBFM - Fraud/Bad Faith/Misrepresentation
- ☐ TOXX - Other: _____

**TORTS: PERSONAL INJURY**

- ☐ TOPE - Personal Property
- ☐ TORE - Real Property

**OTHER CIVIL FILINGS**

- ☐ ABAN - Abandoned Automobile
- ☐ ACCT - Account & Nonmortgage
- ☐ APAA - Administrative Agency Appeal
- ☐ ADPA - Administrative Procedure Act
- ☐ ANPS - Adults in Need of Protective Services

**OTHER CIVIL FILINGS (cont'd)**

- ☐ MSXX - Birth/Death Certificate Modification/Bond Forfeiture Appeal/Enforcement of Agency Subpoena/Petition to Preserve
- ☐ CVRT - Civil Rights
- ☐ COND - Condemnation/Eminent Domain/Right-of-Way
- ☐ CTMP-Contempt of Court
- ☐ CONT-Contract/Ejectment/Writ of Seizure
- ☐ TOCN - Conversion
- ☐ EQND- Equity Non-Damages Actions/Declaratory Judgment/Injunction Election Contest/Quiet Title/Sale For Division
- ☐ CVUD-Eviction Appeal/Unlawfyul Detainer
- ☐ FORJ-Foreign Judgment
- ☐ FORF-Fruits of Crime Forfeiture
- ☐ MSHC-Habeas Corpus/Extraordinary Writ/Mandamus/Prohibition
- ☐ PFAB-Protection From Abuse
- ☐ FELA-Railroad/Seaman (FELA)
- ☐ RPRO-Real Property
- ☐ WTEG-Will/Trust/Estate/Guardianship/Conservatorship
- ☐ COMP-Workers' Compensation
- ☑ CVXX-Miscellaneous Circuit Civil Case

**ORIGIN:**  F ☑ INITIAL FILING    A ☐ APPEAL FROM DISTRICT COURT    O ☐ OTHER

R ☐ REMANDED    T ☐ TRANSFERRED FROM OTHER CIRCUIT COURT  _____

**HAS JURY TRIAL BEEN DEMANDED?**  ☑ Yes  ☐ No

**RELIEF REQUESTED:**  ☑ MONETARY AWARD REQUESTED  ☐ NO MONETARY AWARD REQUESTED

**ATTORNEY CODE:**  PHI053    2/10/2010 5:31:14 PM    /s WESLEY L PHILLIPS

**MEDIATION REQUESTED:**  ☐ Yes  ☑ No  ☐ Undecided

| State of Alabama<br>Unified Judicial System<br><br>Form C-34  Rev 6/88 | **SUMMONS**<br>**- CIVIL -** | **Case Number:**<br><br>58-CV-2010-900125.00 |
|---|---|---|

### IN THE CIVIL COURT OF SHELBY, ALABAMA
### STEPHEN P PRESTON v. PALISADES COLLECTION, LLC ET AL

**NOTICE TO** PALISADES COLLECTION, LLC, 2000 INTERSTATE PARK DR SUITE 204, MONTGOMERY, AL 36109

THE COMPLAINT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS. YOU OR YOUR ATTORNEY ARE REQUIRED TO FILE THE ORIGINAL OF YOUR WRITTEN ANSWER, EITHER ADMITTING OR DENYING EACH ALLEGATION IN THE COMPLAINT WITH THE CLERK OF THIS COURT. A COPY OF YOUR ANSWER MUST BE MAILED OR HAND DELIVERED BY YOU OR YOUR ATTORNEY TO THE OPPOSING PARTY'S ATTORNEY WESLEY L PHILLIPS

WHOSE ADDRESS IS 15 Office Park Circle, Suite 206, Birmingham, AL 35223

THE ANSWER MUST BE MAILED WITHIN 30 DAYS AFTER THIS SUMMONS AND COMPLAINT WERE DELIVERED TO YOU OR A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT.
TO ANY SHERIFF OR ANY PERSONNEL AUTHORIZED by the Alabama Rules of the Civil Procedure:

☐ You are hereby commanded to serve this summons and a copy of the complaint in this action upon the defendant

☑ Service by certified mail of this summons is initiated upon the written request of    STEPHEN P PRESTON
    pursuant to the Alabama Rules of the Civil Procedure

| 2/10/2010 5:39:32 PM | /s MARY HARRIS | |
|---|---|---|
| Date | Clerk/Register | By |

| ☑ Certified mail is hereby requested | /s WESLEY L PHILLIPS |
|---|---|
| | Plaintiff's/Attorney's Signature |

RETURN ON SERVICE:

☐ Return receipt of certified mail received in this office on _____

☐ I certify that I personally delivered a copy of the Summons and Complaint to _____

_____ in _____ County, Alabama on _____

_____          _____
Date                         Server's Signature

| State of Alabama<br>Unified Judicial System<br>Form C-34  Rev 6/88 | **SUMMONS**<br>**- CIVIL -** | **Case Number:**<br>58-CV-2010-900125.00 |
|---|---|---|

### IN THE CIVIL COURT OF SHELBY, ALABAMA
### STEPHEN P PRESTON v. PALISADES COLLECTION, LLC ET AL

**NOTICE TO**  EXPERIAN INFORMATION SOLUTIONS, INC., 2000 INTERSTATE PARK DR SUITE 204, MONTGOMERY, AL 36109
_____

THE COMPLAINT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS. YOU OR YOUR ATTORNEY ARE REQUIRED TO FILE THE ORIGINAL OF YOUR WRITTEN ANSWER, EITHER ADMITTING OR DENYING EACH ALLEGATION IN THE COMPLAINT WITH THE CLERK OF THIS COURT. A COPY OF YOUR ANSWER MUST BE MAILED OR HAND DELIVERED BY YOU OR YOUR ATTORNEY TO THE OPPOSING PARTY'S ATTORNEY WESLEY L PHILLIPS

WHOSE ADDRESS IS 15 Office Park Circle, Suite 206, Birmingham, AL 35223
_____

THE ANSWER MUST BE MAILED WITHIN 30 DAYS AFTER THIS SUMMONS AND COMPLAINT WERE DELIVERED TO YOU OR A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT.
TO ANY SHERIFF OR ANY PERSONNEL AUTHORIZED by the Alabama Rules of the Civil Procedure:

☐ You are hereby commanded to serve this summons and a copy of the complaint in this action upon the defendant

☑ Service by certified mail of this summons is initiated upon the written request of    STEPHEN P PRESTON
   pursuant to the Alabama Rules of the Civil Procedure

| 2/10/2010 5:39:32 PM | /s MARY HARRIS | |
|---|---|---|
| Date | Clerk/Register | By |

| ☑ Certified mail is hereby requested | /s WESLEY L PHILLIPS |
|---|---|
| | Plaintiff's/Attorney's Signature |

RETURN ON SERVICE:

☐ Return receipt of certified mail received in this office on _____

☐ I certify that I personally delivered a copy of the Summons and Complaint to _____

_____ in _____ County, Alabama on _____


_____      _____
Date                       Server's Signature

| State of Alabama<br>Unified Judicial System<br><br>Form C-34  Rev 6/88 | **SUMMONS**<br>**- CIVIL -** | **Case Number:**<br>58-CV-2010-900125.00 |
|---|---|---|

### IN THE CIVIL COURT OF SHELBY, ALABAMA
### STEPHEN P PRESTON v. PALISADES COLLECTION, LLC ET AL.

**NOTICE TO** PALISADES COLLECTION, LLC, 2000 INTERSTATE PARK DR SUITE 204, MONTGOMERY, AL 36109

THE COMPLAINT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS. YOU OR YOUR ATTORNEY ARE REQUIRED TO FILE THE ORIGINAL OF YOUR WRITTEN ANSWER, EITHER ADMITTING OR DENYING EACH ALLEGATION IN THE COMPLAINT WITH THE CLERK OF THIS COURT. A COPY OF YOUR ANSWER MUST BE MAILED OR HAND DELIVERED BY YOU OR YOUR ATTORNEY TO THE OPPOSING PARTY'S ATTORNEY WESLEY L PHILLIPS

WHOSE ADDRESS IS 15 Office Park Circle, Suite 206, Birmingham, AL 35223.

THE ANSWER MUST BE MAILED WITHIN 30 DAYS AFTER THIS SUMMONS AND COMPLAINT WERE DELIVERED TO YOU OR A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT.

TO ANY SHERIFF OR ANY PERSONNEL AUTHORIZED by the Alabama Rules of the Civil Procedure:

☐ You are hereby commanded to serve this summons and a copy of the complaint in this action upon the defendant

☑ Service by certified mail of this summons is initiated upon the written request of   STEPHEN P PRESTON
pursuant to the Alabama Rules of the Civil Procedure

2/19/10

2/18/2010 5:39:32 PM

**Date**

/s MARY HARRIS

**Clerk/Register**

**By**

---

☑ Certified mail is hereby requested

/s WESLEY L PHILLIPS

Plaintiff's/Attorney's Sign

**RETURN ON SERVICE:**

☐ Return receipt of certified mail received in this office on _____

☐ I certify that I personally delivered a copy of the Summons and Complaint

_____ in _____

**Date**        **Server's Signature**

**U.S. Postal Service**
**CERTIFIED MAIL RECEIPT**
(Domestic Mail Only; No Insurance Coverage Provided)

For delivery information visit our website at www.usps.com

OFFICIAL USE

| | |
|---|---|
| Postage | $ |
| Certified Fee | |
| Return Receipt Fee<br>(Endorsement Required) | |
| Restricted Delivery Fee<br>(Endorsement Required) | |
| Total Postage & Fees | $ |

Postmark Here

D001
CV-10-900125

Sent To  Palisades Collection, LLC
Street, Apt. No.; or PO Box No.  2000 I State. PKDR Se 204
City, State, ZIP+4  Montgomery, Al 36109

7009 1680 0000 7264 2235

| State of Alabama<br>Unified Judicial System<br><br>Form C-34  Rev 6/88 | SUMMONS<br>- CIVIL - | Case Number:<br>58-CV-2010-900125.00 |
|---|---|---|

**IN THE CIVIL COURT OF SHELBY, ALABAMA**

**STEPHEN P PRESTON v. PALISADES COLLECTION, LLC ET AL**

**NOTICE TO**   EXPERIAN INFORMATION SOLUTIONS, INC., 2000 INTERSTATE PARK DR SUITE 204, MONTGOMERY, AL 36109

THE COMPLAINT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS. YOU OR YOUR ATTORNEY ARE REQUIRED TO FILE THE ORIGINAL OF YOUR WRITTEN ANSWER, EITHER ADMITTING OR DENYING EACH ALLEGATION IN THE COMPLAINT WITH THE CLERK OF THIS COURT. A COPY OF YOUR ANSWER MUST BE MAILED OR HAND DELIVERED BY YOU OR YOUR ATTORNEY TO THE OPPOSING PARTY'S ATTORNEY WESLEY L PHILLIPS

WHOSE ADDRESS IS 15 Office Park Circle, Suite 205, Birmingham, AL 35223

THE ANSWER MUST BE MAILED WITHIN 30 DAYS AFTER THIS SUMMONS AND COMPLAINT WERE DELIVERED TO YOU OR A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT.

TO ANY SHERIFF OR ANY PERSONNEL AUTHORIZED by the Alabama Rules of the Civil Procedure:

☐ You are hereby commanded to serve this summons and a copy of the complaint in this action upon the defendant

☑ Service by certified mail of this summons is initiated upon the written request of   STEPHEN P PRESTON
pursuant to the Alabama Rules of the Civil Procedure

2/19/10
2/19/2010 5:39:32 PM
**Date**

/s MARY HARRIS
**Clerk/Register**

**By**

| ☑ Certified mail is hereby requested | /s WESLEY L PHILLIPS<br>Plaintiff's/Attorney's Signal | |
|---|---|---|

**RETURN ON SERVICE:**

☐ Return receipt of certified mail received in this office on _____

☐ I certify that I personally delivered a copy of the Summons and Com

_____ in _____

_____

**Date**                        **Server's Signature**

U.S. Postal Service ™
**CERTIFIED MAIL™ RECEIPT**
*(Domestic Mail Only; No Insurance Coverage Provided)*

For delivery information visit our website at www.usps.com

**OFFICIAL USE**

| Postage | $ | |
| Certified Fee | | |
| Return Receipt Fee<br>(Endorsement Required) | | Postmark<br>Here |
| Restricted Delivery Fee<br>(Endorsement Required) | | |
| Total Postage & Fees | $ | |

Sent To   Experian Information Solutions
Street, Apt. No.;   2000 I State, PK Dr. Ste 204
or PO Box No.
City, State, ZIP+4   Montgomery, AL 36109

CV-10-900125



**AlaFile E-Notice**

58-CV-2010-900125.00

Judge: HUB B HARRINGTON

To:  PHILLIPS WESLEY LEVON
wlp@wphillipslaw.com

# NOTICE OF SERVICE

### IN THE CIRCUIT COURT OF SHELBY COUNTY, ALABAMA

### STEPHEN P PRESTON V. PALISADES COLLECTION, LLC ET AL
### 58-CV-2010-900125.00

The following matter was served on 2/24/2010

**D001 PALISADES COLLECTION, LLC**

**CERTIFIED MAIL**

**MARY HARRIS**
**CIRCUIT COURT CLERK**
SHELBY COUNTY, ALABAMA
POST OFFICE BOX 1810
COLUMBIANA, AL 35051

205-669-3760
mary.harris@alacourt.gov