FILED

2010 Mar-26  PM 03:30
U.S. DISTRICT COURT
N.D. OF ALABAMA

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
### SOUTHERN DIVISION

STEPHEN P. PRESTON,  )
)
    Plaintiff,  )
)
v.  )  CIVIL ACTION NO.
)
PALISADES COLLECTION, LLC,  )
et al.,  )
)
    Defendants.  )

## ANSWER

Defendant Palisades Collection, LLC ("Palisades") responds to the plaintiff's complaint as follows:

## BACKGROUND

1.    Palisades admits upon information and belief that plaintiff is a resident of Shelby County and over 19 years of age.  Palisades is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 1.

2.    Palisades admits that it is a Delaware limited liability company with its principal place of business in Englewood Cliffs, New Jersey.  Palisades admits that it is registered to do business in the State of Alabama.  Palisades denies any remaining allegations in paragraph 2.

3.    The allegations in paragraph 3 relate or are directed to a party other than Palisades, and therefore no response from Palisades is required.

4.    Palisades admits the allegations in paragraph 4.

5.    Palisades admits that, on or about April 29, 2009, plaintiff filed an answer in the state-court lawsuit.

6.    The allegations in paragraph 6 refer to a purported document that, being in writing, speaks for itself. To the extent that plaintiff's allegations regarding the content of the document are inconsistent with the actual language of the document, they are denied.

7.    The allegations in paragraph 7 refer to a purported document that, being in writing, speaks for itself. To the extent that plaintiff's allegations regarding the content of the document are inconsistent with the actual language of the document, they are denied.

8.    The allegations in paragraph 8 refer to purported documents that, being in writing, speak for themselves. To the extent that plaintiff's allegations regarding the content of the documents are inconsistent with the actual language of the documents, they are denied.

9.    Palisades admits the allegations in paragraph 9.

10.    The allegations in paragraph 10 refer to a purported document that, being in writing, speaks for itself. To the extent that plaintiff's allegations

regarding the content of the document are inconsistent with the actual language of the document, they are denied.

11.     The allegations in paragraph 11 refer to a purported document that, being in writing, speaks for itself.  To the extent that plaintiff's allegations regarding the content of the document are inconsistent with the actual language of the document, they are denied.

12.     Palisades admits the allegations in paragraph 12.

13.     The allegations in paragraph 13 refer to a purported document that, being in writing, speaks for itself.  To the extent that plaintiff's allegations regarding the content of the document are inconsistent with the actual language of the document, they are denied.

14.     Paragraph 14 consists solely of legal conclusions to which no response from Palisades is required.

15.     Palisades denies the allegations in paragraph 15.

16.     The allegations in paragraph 16 refer to purported documents that, being in writing, speak for themselves.   To the extent that plaintiff's allegations regarding the content of the documents are inconsistent with the actual language of the documents, they are denied.

17.     Palisades denies the allegations in paragraph 17.

18.     Paragraph 18 consists solely of legal conclusions to which no response from Palisades is required.

19.     Paragraph 19 consists solely of legal conclusions to which no response from Palisades is required.

20.     Paragraph 20 consists solely of legal conclusions to which no response from Palisades is required.

21.     The allegations in paragraph 21 refer to a purported document that, being in writing, speaks for itself.  To the extent that plaintiff's allegations regarding the content of the document are inconsistent with the actual language of the document, they are denied.

22.     The allegations in paragraph 22 refer to a purported document that, being in writing, speaks for itself.  To the extent that plaintiff's allegations regarding the content of the document are inconsistent with the actual language of the document, they are denied.

23.     The allegations in paragraph 23 refer to a purported document that, being in writing, speaks for itself.  To the extent that plaintiff's allegations regarding the content of the document are inconsistent with the actual language of the document, they are denied.

24.     Palisades denies the allegations in paragraph 24.

25.     Palisades denies the allegations in paragraph 25.

26.     The allegations in paragraph 26 refer to a purported document that, being in writing, speaks for itself.  To the extent that plaintiff's allegations regarding the content of the document are inconsistent with the actual language of the document, they are denied.

27.     The allegations in paragraph 27 refer to a purported document that, being in writing, speaks for itself.  To the extent that plaintiff's allegations regarding the content of the document are inconsistent with the actual language of the document, they are denied.

28.     The allegations in paragraph 28 refer to a purported document that, being in writing, speaks for itself.  To the extent that plaintiff's allegations regarding the content of the document are inconsistent with the actual language of the document, they are denied.

29.     Palisades denies the allegations in paragraph 29.

30.     The allegations in paragraph 30 refer to a purported document that, being in writing, speaks for itself.  To the extent that plaintiff's allegations regarding the content of the document are inconsistent with the actual language of the document, they are denied.  Palisades denies any remaining allegations in paragraph 30.

31.     The allegations in paragraph 31 refer to a purported document that, being in writing, speaks for itself.  To the extent that plaintiff's allegations

regarding the content of the document are inconsistent with the actual language of the document, they are denied.

32.    The allegations in paragraph 32 refer to a purported document that, being in writing, speaks for itself.  To the extent that plaintiff's allegations regarding the content of the document are inconsistent with the actual language of the document, they are denied.

33.    The allegations in paragraph 33 refer to a purported document that, being in writing, speaks for itself.  To the extent that plaintiff's allegations regarding the content of the document are inconsistent with the actual language of the document, they are denied.

34.    Palisades denies the allegations in paragraph 34.

35.    Palisades denies the allegations in paragraph 35.

36.    The allegations in paragraph 36 relate or are directed to a party other than Palisades, and therefore no response from Palisades is required.

37.    The allegations in paragraph 37 relate or are directed to a party other than Palisades, and therefore no response from Palisades is required.

38.    The allegations in paragraph 38 relate or are directed to a party other than Palisades, and therefore no response from Palisades is required.

39.    Paragraph 39 consists solely of legal conclusions to which no response from Palisades is required.

40.     Palisades admits that the state-court judgment was not appealed.   The remaining allegations in paragraph 40 consist solely of legal conclusions to which no response from Palisades is required.

41.     Palisades denies the allegations in paragraph 41.

42.     Palisades denies the allegations in paragraph 42.

43.     Palisades denies the allegations in paragraph 43.

44.     Palisades denies the allegations in paragraph 44.

45.     Palisades denies the allegations in paragraph 45.

46.     Palisades denies the allegations in paragraph 46.

47.     Palisades denies the allegations in paragraph 47.

48.     Palisades denies the allegations in paragraph 48.

49.     Palisades denies the allegations in paragraph 49.

50.     Palisades denies the allegations in paragraph 50.

51.     Palisades denies the allegations in paragraph 51.

52.     Palisades denies any allegations in paragraph 52 that relate or are directed to Palisades.

53.     Palisades denies the allegations in paragraph 53.

54.     Palisades denies the allegations in paragraph 54.

55.     Palisades denies the allegations in paragraph 55.

56.     Palisades denies the allegations in paragraph 56.

57.   Palisades denies the allegations in paragraph 57.

58.   Palisades denies any allegations in paragraph 58 that relate or are directed to Palisades.

59.   Palisades is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 59.

60.   Palisades denies the allegations in paragraph 60.

61.   Palisades denies the allegations in paragraph 61.

## COUNT I

62.   Palisades adopts and incorporates by reference its responses to paragraphs 1 through 61 as if fully set out herein.

63.   Palisades denies the allegations in paragraph 63, including subparagraphs a-e.

64.   Palisades denies the allegations in paragraph 64.

WHEREFORE, premises considered, Palisades requests that judgment be entered in its favor and against plaintiff on all claims, and that Palisades be awarded the costs of this action, together with such other and further relief as may be appropriate.

## COUNT II

65.   Palisades adopts and incorporates by reference its responses to paragraphs 1 through 64 as if fully set out herein.

66.     Paragraph 66 consists solely of legal conclusions to which no response from Palisades is required.

67.     Certain allegations in paragraph 67 are legal conclusions to which no response from Palisades is required.  Palisades admits that it periodically reports information to one or more credit reporting agencies.  Palisades denies any remaining allegations in paragraph 67.

68.     The allegations in paragraph 68 refer to a purported document that, being in writing, speaks for itself.  To the extent that plaintiff's allegations regarding the content of the document are inconsistent with the actual language of the document, they are denied.

69.     Palisades denies any allegations in paragraph 69 that relate or are directed to Palisades.

70.     Palisades denies any allegations in paragraph 70 that relate or are directed to Palisades.

71.     Palisades denies the allegations in paragraph 71.

72.     Palisades denies the allegations in paragraph 72.

73.     Palisades denies the allegations in paragraph 73.

WHEREFORE, premises considered, Palisades requests that judgment be entered in its favor and against plaintiff on all claims, and that Palisades be

awarded the costs of this action, together with such other and further relief as may be appropriate.

## COUNT III

74.  Palisades adopts and incorporates by reference its responses to paragraphs 1 through 73 as if fully set out herein.

75.  Palisades denies the allegations in paragraph 75.

76.  Palisades denies the allegations in paragraph 76.

77.  Palisades denies the allegations in paragraph 77.

78.  Palisades denies the allegations in paragraph 78.

WHEREFORE, premises considered, Palisades requests that judgment be entered in its favor and against plaintiff on all claims, and that Palisades be awarded the costs of this action, together with such other and further relief as may be appropriate.

## COUNT IV

79.  Palisades adopts and incorporates by reference its responses to paragraphs 1 through 78 as if fully set out herein.

80.  Palisades denies the allegations in paragraph 80.

81.  Palisades denies the allegations in paragraph 81.

WHEREFORE, premises considered, Palisades requests that judgment be entered in its favor and against plaintiff on all claims, and that Palisades be

awarded the costs of this action, together with such other and further relief as may be appropriate.

## COUNT V

82.     Palisades adopts and incorporates by reference its responses to paragraphs 1 through 81 as if fully set out herein.

83.     Paragraph 83 consists solely of legal conclusions to which no response from Palisades is required.

84.     Palisades admits that its practice is to follow the provisions of the FCRA when involved in activities falling within the scope of that act.

85.     Paragraph 85 consists solely of legal conclusions to which no response from Palisades is required.

86.     Palisades denies the allegations in paragraph 86.

87.     Palisades denies the allegations in paragraph 87.

88.     Palisades denies the allegations in paragraph 88.

89.     Palisades denies the allegations in paragraph 89.

WHEREFORE, premises considered, Palisades requests that judgment be entered in its favor and against plaintiff on all claims, and that Palisades be awarded the costs of this action, together with such other and further relief as may be appropriate.

## ADDITIONAL DEFENSES

Discovery and investigation may reveal that any one or more of the following additional defenses should be available to Palisades in this matter. Palisades therefore asserts said additional defenses in order to preserve the right to assert them. Upon completion of discovery and if the facts warrant, Palisades may withdraw any of these additional defenses as may be appropriate. Further, Palisades reserves the right to amend this answer to assert additional defenses and other claims as discovery proceeds. Further answering and by way of additional defense, Palisades states as follows:

1.     Any allegation not specifically admitted is hereby denied.

2.     Plaintiff's complaint and each count therein, separately and severally, fail to state a claim against Palisades upon which relief can be granted.

3.     Plaintiff's claims may be barred by the equitable defenses of laches, unclean hands, and equitable estoppel.

4.     Plaintiff's damages, if any, were caused by the acts and/or omissions of third parties for whose conduct Palisades is not responsible or liable.

5.     Plaintiff's damages, if any, were caused by an intervening or superseding cause for which Palisades is not responsible or liable, and were not proximately caused by Palisades.

6.     The complaint fails to state a valid claim for attorneys' fees, costs, expenses, or punitive damages.  Moreover, plaintiff's claim for punitive damages is barred or limited under state law and/or by the procedural and substantive due process guarantees, the guarantees against the taking of property in an arbitrary or irrational manner or without adequate compensation, the guarantees of equal protection of the laws, and the guarantees against undue burden upon commerce set forth in the United States Constitution.

7.     To the extent that any violation of state or federal law took place, said violation was not intentional and resulted from a bona fide error that occurred notwithstanding the maintenance of procedures reasonably adapted to avoid such errors.

8.     Plaintiff's claims are barred to the extent he has waived any such claims.

9.     Palisades acted in good faith and without malice at all times, and to the extent there were any violations of state or federal law, such purported violations were not committed by Palisades with the requisite intent, malice, or knowledge.

10.     Plaintiff's damages, if any, must be reduced to the extent he failed to mitigate.

11.     Plaintiff's recovery is barred by his contributory negligence.

12.    Plaintiff's recovery is barred by his assumption of the risk.

13.    The applicable statute of limitations bars some or all of plaintiff's claims.

14.    Plaintiff's state-law claims are preempted, in whole or in part, by federal law pursuant to the Supremacy Clause of the United States Constitution because of federal regulation of consumer lending and collection.

15.    Any statements or communications made by Palisades concerning plaintiff and his delinquent accounts were made without malice, fraud, or oppression.

16.    Palisades' alleged conduct and communications in attempting to collect a debt constitutes valid commercial speech and is therefore entitled to protection under the First Amendment to the Constitution of the United States. Plaintiff's claims are barred because they would place an unreasonable restraint upon valid commercial speech, thereby raising serious constitutional issues.

17.    Plaintiff's claims relating to alleged statements or communications by Palisades in attempting to collect a debt are barred in whole or in part by the litigation privilege.

18.    Palisades has, at all material times with respect to plaintiff, acted in good faith in an effort to comply fully with all relevant state and federal laws.

19. Plaintiff's claims fail to state a claim against Palisades upon which relief can be granted for several or joint and several liability.

20. Without admitting that any damages exist, if damages were suffered by plaintiff as alleged in the complaint, those damages were proximately caused by or contributed to by persons other than Palisades. The liability, if any exists, of all defendants and/or any responsible parties, named or unnamed, should be apportioned according to their relative degrees of fault, and the liability of Palisades should be reduced accordingly.

21. Palisades denies that it is guilty of conduct referable to which punitive damages could or should be awarded and denies that plaintiff has produced clear and convincing evidence sufficient to support or sustain the imposition of punitive damages against it.

22. No act or omission of Palisades was willful, wanton, or with actual malice, and plaintiff's complaint fails to state a claim upon which relief can be granted for punitive damages.

23. Any claim for punitive damages against Palisades would violate Palisades' rights under the Fifth, Sixth, Seventh, Eighth, and Fourteenth Amendments to the Constitution of the United States and Article 1, Sections 1, 2, 6, 11, 13, 15, 27, and 35 of the Alabama Constitution.

24. Plaintiff cannot recover punitive damages against Palisades because such an award, which is penal in nature, would violate Palisades' constitutional rights under the Alabama Constitution and the United States Constitution, unless it is afforded the same procedural safeguards as are criminal defendants, including, but not limited to, the right to avoid self incrimination, the right to forego production and disclosure of incriminating documents, and the right to the requirement of a level of proof beyond a reasonable doubt.

25. The imposition of punitive damages against Palisades in this case, based upon the alleged conduct of other defendants, would violate the rights of Palisades under the Due Process Clause of the Fourteenth Amendment to the United States Constitution, the Due Process Clause of Article 1, Section 13 of the Alabama Constitution, and the prohibition against cruel and unusual punishment and excessive fines under the Eighth Amendment to the United States Constitution.

26. Any punitive damages sought against Palisades would be in excess of comparable maximums established for criminal fines by the Alabama legislature in Ala. Code §§ 13A-5-11 and 13A-5-12, jointly and separately.

27. Palisades pleads the constitutional limitations set forth in *BMW of North America v. Gore*, 517 U.S. 559, 116 S. Ct. 1589, 134 L. Ed. 2d 809 (1996), *Cooper Industries, Inc. v. Leatherman Tool Group, Inc.*, 532 U.S. 424 (2001), *State Farm Mutual Automobile Insurance Co. v. Campbell*, 123 S. Ct. 1513

(Apr. 7, 2003), and *Horton Homes, Inc. v. Brooks*, 832 So. 2d 44 (Ala. 2001), since determination of the amount or proper circumstances for an award of punitive damages without consideration of these limitations would deny Palisades due process of law in violation of the Fourteenth Amendment to the United States Constitution and in violation of the Alabama Constitution.

28.     Subjecting Palisades to punitive damages, or affirming an award of punitive damages against Palisades in this case, would amount to and constitute a denial of due process as afforded by the Due Process Clause of the Fourteenth Amendment to the United States Constitution, and by the Due Process Clause of Article 1, Section 6 of the Alabama Constitution, as a deprivation of property without due process, or standards or criteria of due process, based upon the following grounds and circumstances, separately and severally assigned:

a.     any award of punitive damages against Palisades under the evidence in this case would necessarily be based upon an evidentiary standard no higher or more than a standard of simple negligence, and not upon a standard of proof beyond a reasonable doubt;

b.     there is a lack of reasonable standards necessary to instruct the jury on the propriety and amount of any punitive damages award, and, unless such awards are subject to predetermined limits, such awards cannot pass constitutional muster;

c.      use of the Alabama Pattern Jury Instruction 11.03 in instructing the jury as to the award of punitive damages, and the amount of such an award, does not provide sufficient guidance or standards for the award or amount of punitive damages;

d.      any punitive damages award would not be subject to post trial and appellate review on the basis of suitable and sufficient objective standards and criteria;

e.      the power and authority imposed upon the jury under Alabama law as to the amount of punitive damages awarded under the statutory cap is so relatively unfettered that there is lacking any reasonable or logical standard, uniform criteria, or guidance in the assessment of the amount of the award of punitive damages;

f.      under Alabama law and procedure, there is no objective, logical, or rational relationship between the award, or the amount of the award, of punitive damages and a defendant's alleged wrongful or culpable conduct;

g.      under Alabama law and procedure, there is no objective, logical, or rational relationship between the award, or the amount of the award, of punitive damages and the interests or goals of the State of Alabama referable to the imposition or allowance of punitive damages;

h.      under Alabama law and procedure, there is no objective or rational criteria for the amount of the award of punitive damages as it relates or compares to the assessment of compensatory damages, or amount of compensatory damages;

i.      in the event that a single verdict be mandated against Palisades and all defendants herein for an award of punitive damages in this case, such a single verdict would be imposed regardless of the degree of culpability of a particular defendant, and such a nonapportionment rule could result in a joint and several verdict against all defendants whereby punitive damages could be assessed against one defendant based in part upon culpability of another defendant, and such a joint verdict in a single amount could be enforced against Palisades for any portion of that judgment regardless of Palisades' culpability, or relative culpability;

j.      should the Court require the award of punitive damages in a single, joint, and several verdict of one amount, an adoption of this nonapportionment rule would be contrary to the objective of punishing specific misconduct, and would be contrary to the objective of assessing punitive damages according to culpability of conduct;

k.      where a joint and several punitive damages award is mandated to be in a single amount against each defendant, such a rule additionally violates a defendant's right to trial by jury as the jury would be prohibited from apportioning

damages against the defendants according to the degree of culpability of the conduct of the respective defendant;

l.    an award of punitive damages may be assessed against Palisades for unauthorized acts of its agent or agents without any additional requirement of knowledge or fault on the part of Palisades;

m.    an award of punitive damages may be assessed against Palisades vicariously as a principal without any further proof of independent, wrongful conduct or ratification by Palisades;

n.    Alabama procedures, pursuant to which amounts of punitive damages are awarded, permit the imposition of different penalties for the same or similar acts;

o.    under Alabama law and procedures governing the award and assessment of punitive damages, there is no objective, logical, or reasonable standard or criteria which governs the award, or the amount of the award, of punitive damages;

p.    the procedures pursuant to which punitive damages are awarded fail to provide a reasonable limit on the amount of the award against Palisades;

q.    the procedures pursuant to which punitive damages are awarded are unconstitutionally vague;

r.      the procedures pursuant to which punitive damages are awarded fail to provide a clear post trial or appellate standard of review for an award of punitive damages;

s.      the procedures pursuant to which punitive damages are awarded may permit the admission of evidence relative to punitive damages in the same proceedings during which liability and compensatory damages are determined; and

t.      an award of punitive damages would constitute an arbitrary and capricious taking of property of Palisades without due process of law.

29.     Any imposition of punitive damages in this case against Palisades would contravene the Commerce Clause of the United States Constitution in that such an award would constitute, if imposed, an undue and unreasonable burden on interstate commerce.

30.     To award punitive damages against Palisades in this case would have a chilling effect upon Palisades' rights to open access to the courts in this State, in violation of the United States Constitution and the Alabama Constitution, separately and severally.

31.     Based upon Alabama procedures relative to punitive damages, which provide no objective, logical, or reasonable standards or criteria which govern the award, Palisades is denied equal protection of the laws as guaranteed by

the Fourteenth Amendment to the United States Constitution, and Article 1, §§ 1, 6, and 22 of the Alabama Constitution, separately and severally.

32.    In the event, and to the extent, that the award of punitive damages, or the amount of the award of punitive damages under Alabama practice and procedure, is deemed to be governed by § 6-11-20, Ala. Code 1975, then, and to that extent, said section violates the Alabama Constitution and the United States Constitution, separately and severally, based upon the grounds enumerated and set forth in the foregoing paragraphs.

33.    Any demand for punitive damages in the instant case would be subject to those limitations established by the Alabama Legislature and set forth in § 6-11-21, Code of Alabama, as amended in 1999 (Act. No. 99-358).   Palisades adopts by reference the defenses, criteria, limitations and standards mandated by this Alabama statute.

34.    The Alabama Supreme Court's action in abolishing the legislatively created cap on punitive damages was unconstitutional.   Under the Constitutions of the United States and the State of Alabama, the Alabama Supreme Court cannot abolish the cap created by the legislature as to punitive damages.   See *Honda Motor Co., Ltd. v. Oberg*, 512 U.S. 415, 431 n.9, 114 S. Ct. 2331, 129 L. Ed. 2d 336 (1994).

35.   Palisades adopts the terms of any applicable legislative act or Alabama Supreme Court decision which now or hereafter precludes punitive damages or limits the amount of punitive damages which can be recovered in an action at law in Alabama.

36.   Plaintiff's claim for mental anguish or emotional distress damages without accompanying physical or bodily injury is barred because an award of such damages under Alabama law would constitute an impermissible burden on interstate commerce in violation of the Commerce Clause of Article I, § 9 of the United States Constitution.

37.   The imposition of mental anguish or emotional distress damages, without any accompanying physical or bodily injury to plaintiff, cannot be upheld, because such claims require no proof of actual damage and are unrelated to the actual conduct of Palisades.   As such, these damages violate Palisades' due process rights guaranteed by the United States Constitution and by the due process provisions of the Alabama Constitution.

38.   Palisades is not a fiduciary for the benefit of plaintiff.

39.   Palisades pleads the general issue and denies that it was liable or responsible for any alleged damages to plaintiff.

40.     Palisades adopts and incorporates by reference all defenses pleaded by other defendants except to the extent that they are inconsistent with Palisades' defenses pleaded in this answer.

41.     Palisades reserves the right to amend its answer and separate and additional defenses to conform to such facts as may be revealed in discovery or otherwise.

_John David Owen_
_____
W.H. Albritton IV (ALB007)
halbritton@babc.com
John David Owen (OWE029)
jowen@babc.com
One of the Attorneys for Defendant
Palisades Collection, LLC

OF COUNSEL

BRADLEY ARANT BOULT CUMMINGS LLP
One Federal Place
1819 Fifth Avenue North
Birmingham, AL 35203-2119
Telephone: (205) 521-8000
Facsimile: (205) 521-8800

## CERTIFICATE OF SERVICE

I hereby certify that I have this date served the foregoing on:

Wesley L. Phillips, Esq.
PHILLIPS LAW GROUP, LLC
Post Office Box 130488
Birmingham, Alabama 35213-0488

L. Jackson Young, Esq.
FERGUSON, FROST & DODSON, LLP
2500 Acton Road, Suite 200
Birmingham, Alabama 35243

by placing a copy of same in the United States Mail, first-class postage prepaid and addressed to their regular mailing addresses, on this _26th_ day of March 2010.

_John David Owen_
OF COUNSEL